**In re NIEHAUS.**

[Cite as *In re Niehaus* (1989), 62 Ohio App.3d 89.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–658.

Decided March 28, 1989.

*James N. Perry,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Christopher J. Costantini,* for appellee.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Appellant, Ferdinand J. Niehaus, M.D., was notified by appellee, Ohio Medical Board ("board"), of particular events which occurred in 1985. Appel-

lee proposed disciplinary action against appellant pursuant to the Medical Practice Act.

Appellant requested a formal hearing in a letter to the board dated February 3, 1986. A hearing was held on September 25, 1986. The board, on December 3, 1986, allowed appellant to include in the record certified copies of an entry granting the expungement and sealing of his conviction in the Hamilton County Municipal Court.

Dr. James A. Barnes, a member of the board, submitted his report and recommendation on June 26, 1987. Appellant filed objections to the report and recommendation on July 13, 1987. The board adopted the report.

Appellant filed a notice of appeal to the Franklin County Court of Common Pleas. Appellant was granted an order by the court staying the board's decision pending appeal. The court found in its judgment entry that except for one of eight issues raised by appellant, the order was supported by reliable, probative and substantial evidence and was in accordance with law. The court affirmed the board's order as modified.

The case was initiated by a citation letter to appellant from the board. The letter alleged that appellant had violated several statutory provisions, including R.C. 4731.22(B)(10), misdemeanor committed in the course of practice; R.C. 4731.22(B)(2), failure to use reasonable care discrimination in the administration of drugs, or failure to employ acceptable scientific methods in the selection of drugs or other modalities for treatments of disease; R.C. 4731.-22(B)(3), selling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes, or conviction for violation of any federal or state law regulating the possession, distribution, or use of any drug; and R.C. 4731.22(B)(6), a departure from, or the failure to conform to, minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established.

There was a hearing, as noted above, before Dr. Barnes, who issued a report and recommendation finding that appellant had violated particular provisions of the Medical Practice Act. Barnes recommended a penalty for these violations, basically suspension of appellant's prescribing license pending remedial pharmacological education.

Appellant advances the following assignments of error:

"I. The decision of the Common Pleas Court is fatally flawed and constitutes error prejudicial to Dr. Niehaus because:

"(1) The decision demonstrates that the court applied an incorrect standard of review;

"(2) The Common Pleas Court failed to remand to the State Medical Board on the issue of penalty after finding that a portion of the board's decision was not supported by the record;

"(3) The Common Pleas Court refused, upon request by Dr. Niehaus, to set forth its reasons for the decision.

"II. The Common Pleas Court erred in concluding that the State Medical Board may use a sealed record of conviction in order to find a violation of R.C. 4731.22(B)(10) which authorizes the imposition of discipline on a physician for a misdemeanor committed in the course of practice.

"III. The Common Pleas Court erred in concluding that the record supports the board's conclusion that Dalmane was not an appropriate medication for Mrs. Niehaus or Irene Kerr.

"IV. The Common Pleas Court erred in concluding that the record supported the board's finding that when an employee, without authorization, disposed of outdated medications in a dumpster, Dr. Niehaus personally violated R.C. 4733.22(B)(2) and (B)(6).

"V. The Common Pleas Court erred in concluding that the record supports the board's conclusion that Dr. Niehaus violated R.C. 4731.22(B)(2), (B)(3), (B)(6) by prescribing Percodan for himself on July 8, 1985.

"VI. The Common Pleas Court erred in concluding that the record supported the board's conclusion that Dr. Niehaus violated R.C. 4731.22(B)(2), (B)(3), and (B)(6) by prescribing Tedral, Tussen and Librium for his own personal use.

"VII. The Common Pleas Court erred in concluding that the record supported the board's conclusion that Dr. Niehaus violated R.C. 4731.22(B)(2), (B)(3), and (B)(6) when Dr. Niehaus prescribed Halcion for Teresa Newsome.

"VIII. The Common Pleas Court erred in concluding that the record supports the board's conclusion that Dr. Niehaus violated R.C. 4731.22(B)(2), (B)(3) and (B)(6) because he ordered Demerol for the 'Niehaus Medical Center, Inc.' using a prescription form which contained his name individually, thereby creating a presumption that the Demerol was issued for his personal use."

■ As to appellant's first assignment of error, a court speaks through its judgment entry. *In re Petition* (1948), 150 Ohio St. 393, 398, 38 O.O. 258, 260, 83 N.E.2d 58, 61. The signed judgment entry in this case states: " * * * The Court further finds that the order is otherwise in accordance with law."

Moreover, this court wrote in *In the Matter of Van Buren Loc. School Dist.* (May 11, 1976), Franklin App. No. 75AP–702, unreported:

" * * * In addition, although the trial court erred in not using the exact language contained in R.C. 119.12, the trial court unquestionably found, by its order, that the order is supported by reliable, probative and substantial evidence and that the order is in accordance with law. Although it is undoubtedly a better practice for the court to use the language contained in the statute, we find no requirement, either in the statute or case law, which requires the use of the exact language used in the statute. * * * "

It is conceded that in this case, the decision did not specifically include the words "in accordance with law," but the judgment entry, in part, reads as follows:

"The Court has evaluated the arguments on appeal, and fully reviewed the transcript, exhibits and the complete record before it. The Court hereby finds that the decision of the State Medical Board is supported by reliable, probative and substantial evidence, with the exception that Finding of Fact Number 13 and Conclusion Number 6 (concerning the April 9, 1985 prescription for two (2) vials of Demerol issued for the Niehaus Medical Center) which were contained in the Report and Recommendation as adopted by the State Medical Board in its order. Those portions of the Order are not supported by reliable, probative and substantial evidence. The Court further finds that the order is otherwise in accordance with law."

Hence, the court by its entry applied the correct standard of review. The finding by the common pleas court that part of the board's order was not supported by reliable, probative and substantial evidence, did not require a remand of the case to the board. R.C. 119.12 provides, in pertinent part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

The provisions of the statute provide that a court may "modify" the order or "make such other ruling as supported by reliable, probative and substantial evidence." The application of such permissive language allows the court to remand the case to an agency where the order, in its entirety or in part, has been found to be unsupported by reliable, probative and substantial evidence. Such action, however, is not required by the statute.

The case of *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324, 515 N.E.2d 992, cited by appellant, is distinguishable. The court in *Chapman*

only recognized that a common pleas court may remand a case once it finds that the board's decision is unsupported by reliable, probative and substantial evidence. The court did not determine that such action is required. R.C. 119.12 allows a common pleas court the option of maintaining the agency's sanction while finding a part of an order insufficient. Such an option is justified where, as in this case, the court reverses a minimal part of the findings against appellant.

■ The common pleas court is not required to address each assignment of error raised by an appellant pursuant to R.C. 119.12. That section, which governs appellant's appeal to the common pleas court, specifically limits a review to a determination of whether the agency's order is supported by reliable, probative and substantial evidence, and is in accordance with law. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. The court may consider the errors assigned as relating to the validity of the agency's order, but it is not required to expressly rule on each assignment of error.

R.C. 119.12, which governs this appeal, takes precedence over the generally phrased provisions of R.C. 2505.01 to 2505.45. See *In the Matter of Wozniak* (Apr. 30, 1985), Franklin App. No. 84AP–602, unreported, 1985 WL 10268. Hence, there is no requirement for the common pleas court to address all the assignments of error.

Appellant's first assignment of error is overruled.

■ In the second assignment of error, appellant alleges that an expunged misdemeanor conviction may not be a basis for finding that a physician committed a misdemeanor during the course of his practice thereby subjecting himself to discipline under R.C. 4731.22(B)(11), arguing that an expunged and sealed offense is considered "not to have occurred." The evidence was before the board before the expungement. Dr. Barnes' first finding of fact reads:

"On or about November 19, 1985, Ferdinand J. Niehaus, Jr., M.D., was convicted of a misdemeanor committed in the course of his practice. This conviction in the Hamilton County Municipal Court was based on Dr. Niehaus' plea of guilty to one count of attempted illegal processing of a drug document in violation of Section 2923.02, Ohio Revised Code. At the hearing in this matter on September 25, 1986, Dr. Niehaus stipulated to the fact of this conviction. On December 15, 1986, the Hamilton County Municipal Court granted a request for expungement of the record of this conviction.

"These facts are established by the testimony of Dr. Niehaus (Tr. at 79); *State's Exhibit #1; Agreed Statement of Facts, Specification 1;* and the Hamilton County Municipal Court's Entry Granting Expungement."

Dr. Barnes found in paragraph one of the conclusions of law, the following:

"Dr. Niehaus stipulated to the fact of his conviction of a misdemeanor committed in the course of his practice. He further stipulated that this constituted a violation of Section 4731.22(B)(10), Ohio Revised Code. While the record of this conviction was expunged after completion of this hearing, the expungement entry was not made specifically applicable to the State Medical Board.

"Accordingly, I find that the acts, conduct, or omissions of Ferdinand J. Niehaus, Jr., M.D., with regard to Finding of Fact # 1, above, constitute a violation of Section 4731.22(B)(10), Ohio Revised Code, 'Conviction of a misdemeanor committed in the course of his practice.' "

The basis of appellant's argument is that the effect of the order sealing the record was to erase the conviction as if it was "deemed not to have occurred." R.C. 2953.32(C)(2). Appellant fails to note, however, that the statute further provides that " * * * the sealed record of prior conviction * * * *may be considered* by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code." (Emphasis added.) Contrary to appellant's assertion, expungement or sealing of the record " * * * does not literally obliterate the criminal record. * * * " *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 378, 20 O.O.3d 334, 336, 421 N.E.2d 1303, 1306. Nor is expungement absolute as it applies to professional licensure. R.C. 2953.33(B) provides inquiry into sealed convictions if " * * * the question bears a direct and substantial relationship to the position for which the person is being considered." See *Ohio State Bd. of Pharmacy v. Friendly Drugs* (1985), 27 Ohio App.3d 32, 33, 27 OBR 33, 34, 499 N.E.2d 361, 363, wherein the court noted that, under R.C. 2953.33(B), an applicant can be questioned about an expunged conviction if it bears a direct and substantial relationship to fitness to practice pharmacy. R.C. 2953.33(B) provides that:

"In any application for employment, license, or other right or privilege * * * or any other inquiry, except as provided in division (E) of Section 2953.32 of the Revised Code, a person may be questioned only with respect to convictions not sealed, * * * unless the question bears a direct and substantial relationship to the position for which the person is being considered."

R.C. 2953.33(B) is not limited to consideration of sealed records only with respect to the questioning of an applicant for professional licensure, but also encompasses any other inquiry which bears a direct and substantial relationship to other rights and privileges associated with such license, as in the case herein. In that respect, we adopt the sound reasoning of the trial court at page two of its decision:

" * * * The acts complained of relative to the prescription of Dalmane were also concluded to be an inappropriate prescribing and issuance of a prescription. Even if the Board would not have known, through expungement, of the guilty plea to a misdemeanor (a violation of 4731.22(B)(11) Revised Code), the Board considered these acts separate and apart from the misdemeanor plea as violations of 4731.22(B)(2) and 4731.22(B)(3), Revised Code. The record refers to 4711.22(B)(10) when it should be 4711.22(B)(11). The Appellant's stipulation of the conviction, and later the effort to legally erase the conviction through expungement did not preclude the Board from considering and concluding that Appellant violated the Medical Practice Act. *A licensing Board should not be barred, by expungement, from inquiry into acts of a licensee that directly involve the course of practice or work for which the license has been granted.*" (Emphasis added.)

At any rate, assuming the conviction should have been sealed by the board, it represented only a small part of appellant's violations of the Medical Practice Act, all of which related directly or indirectly to the prescribing, obtaining, use or disposal of medicines which included various drugs defined as controlled substances. The evidence at the hearing indicated that the acts which resulted in the conviction constituted separate violations of the Medical Practice Act. Hence, any alleged error was not prejudicial.

Appellant's second assignment of error is overruled.

Appellant's third, fourth, fifth, sixth, seventh and eighth assignments of error involve whether the common pleas court's determination was supported by reliable, probative and substantial evidence and in accordance with law. This court's range of review is limited to whether the court abused its discretion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280. Further, a professional licensing board may apply its own expertise in evaluating whether a licensee's conduct has met professional standards, *Arlen v. State* (1980), 61 Ohio St.2d 168, 15 O.O.3d 190, 399 N.E.2d 1251; and a court must give some deference to administrative determinations of conflicting evidence. *Univ. of Cincinnati, supra.*

In appellant's third assignment of error, it is alleged that the common pleas court erred in determining that the record supports the board's conclusion that Dalmane was not an appropriate medication for Mrs. Niehaus or Irene Kerr. It is undisputed that appellant wrote a prescription for Dalmane in the name of Irene Kerr although he had intended to give it to his wife. Appellant contends that he asked his wife to see another physician, but she insisted that he provide her treatment. He maintains that, since he claimed

both his sister-in-law and his wife had sleeping problems, the prescription was appropriate for both of them.

The board, however, cannot reasonably be placed in a position of speculating who received the prescriptions. When appellant wrote a prescription, and he had no intention of giving the medication to the patient whose name appears thereon, there was a violation of R.C. 4731.22(B)(2), (B)(3) and (B)(6). Dr. Barnes indicated that the prescription was not appropriate for either patient. Hence, as trier of fact and a physician, Dr. Barnes could properly discount appellant's uncorroborated and undocumented contention that the persons involved had sleeping problems.

The board's conclusion was supported by testimony of Bruce Koehn, who conducted an investigation which included interviews with the pharmacist, Mr. Glick, and Ms. Kerr. The evidence also indicates that appellant testified that it was "stupid, a dumb thing to do, and not right." Thus, the board's order concerning the Demerol medication was supported by reliable, probative and substantial evidence.

Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant contends that the common pleas court erred in concluding that the record supported the board's finding that an employee without authorization disposed of outdated medication in a dumpster and that appellant violated R.C. 4731.22(B)(2) and (B)(6). The record shows that there were large portions of drugs in a dumpster which many young children could reach. The drugs involved were controlled substances, including those in Schedules III and IV.

Doyle D. Gorton, a parent of one of the children, and Officer Thomas Waller testified to this incident. It was undisputed by appellant. He alleges that he should be exempted in this instance, because one of his employees, who did not testify, allegedly placed the drugs in the dumpster. Dr. Barnes rejected this allegation.

Appellant also maintains that he cannot be liable for the dumpster incident pursuant to R.C. 4731.22(B)(6), since the statute applies only to care in relation to patients. He also contends that the section applies when a drug is administered to a patient. The Supreme Court in *Arlen v. State, supra,* 61 Ohio St.2d at 172, 15 O.O.3d at 193, 399 N.E.2d at 1254, wrote that the board's purpose in a disciplinary proceeding against a physician under R.C. 4731.-22(B)(2) and (B)(6) is to maintain "sound professional conduct," and is not limited to actual patient relationships.

Further, R.C. 4731.22(B)(6) allows the board to find a violation whether or not actual injury to a patient is shown. The statute indicates a legislative

intent to include a number of areas involving professional incompetence related to direct patient care. In sum, there was sufficient evidence to support the board's order regarding the dumpster incident. Hence, the common pleas court did not abuse its discretion in its finding.

Appellant's fourth assignment of error is overruled.

In appellant's fifth assignment of error, he claims that the common pleas court erred in concluding that the record supports the board's conclusion that appellant violated R.C. 4731.22(B)(2), (B)(3), and (B)(6) by prescribing Percodan for himself. He ordered a large amount of Percodan and claimed that he only used it once or twice a year. Although he claimed that Percodan was needed for a migraine-type headache, there were no records admitted into evidence containing such a diagnosis.

Appellant admitted taking more than one of the Percodan tablets. He maintained that two months after writing the prescription, he thought it would be a "good idea" to get rid of the remaining tablets. There was no record of any destruction of the drugs. Appellant claimed he destroyed the Percodan on approximately September 18, 1985.

Appellant sent a letter to Franklin Z. Wickham, Executive Director of the Ohio State Board of Pharmacy, enclosing documents describing the medications which he had destroyed in September 1985. There is no mention of Percodan in these documents.

Considering the evidence in its totality, the board reasonably concluded that appellant's activities involving this prescription violated R.C. 4731.22(B)(2) and (B)(6). Hence, the common pleas court did not abuse its discretion as to the Percodan prescription.

Appellant's fifth assignment of error is overruled.

In his sixth assignment of error, appellant contends that the board erred in concluding that appellant violated R.C. 4731.22(B)(2), (B)(3) and (B)(6) by prescribing Tedral, Tussend and Librium for his own personal use. Appellant indicated that the Librium was to be used "three or four times a year" and that he had difficulty sleeping. He further mentioned that he had asthma and always kept a few Tedral around.

Dr. Barnes found that these prescriptions were not issued for the legitimate or therapeutic use of appellant. Dr. Barnes, and subsequently the board, had the medical expertise to make such a determination. See *Arlen v. State, supra*. Hence, the conclusions of the board concerning these prescriptions were sufficiently substantiated and the common pleas court did not abuse its discretion by affirming their findings.

Appellant's sixth assignment of error is overruled.

 Appellant's seventh assignment of error involves a determination that he had violated R.C. 4731.22(B)(2), (B)(3) and (B)(6) by prescribing Halcion and Dalmane for Theresa Newsome, appellant's daughter. The findings involving the prescriptions of Halcion and Dalmane to appellant's daughter were properly affirmed by the common pleas court.

Dr. Barnes, in his report and recommendation, commented as follows:

"Finding of Fact # 12 sets forth Dr. Niehaus' testimony concerning the Halcion and Dalmane prescriptions issued for his daughter, Theresa Newsome. In addition to the facts that Ms. Newsome was a family member and under the care of another physician, Dr. Niehaus' prescribing for her was highly inappropriate with respect to both the quantities prescribed and the lack of proper medical evaluation. Upon Ms. Newsome's telephone request for something to help her sleep, Dr. Niehaus delivered to her 30 Halcion tablets which she said caused unpleasant side effects. The next day, Dr. Niehaus delivered to her 30 Dalmane capsules. At the time of this hearing, Dr. Niehaus was not sure how Ms. Newsome had disposed of either the Halcion tablets or the Dalmane capsules (Tr. at 135–136). It is certain, however, that Dr. Niehaus prescribed for Ms. Newsome 60 units of Schedule IV drugs within a 48 hour period pursuant to her telephone complaint of sleep problems. The fact that Dr. Meese had in the past prescribed Dalmane for her does not significantly mitigate Dr. Niehaus' inappropriate actions and omissions."

This conclusion is supported by the record and by reliable, probative and substantial evidence. The common pleas court's determination concerning the foregoing prescriptions was not an abuse of discretion.

Appellant's seventh assignment of error is overruled.

 Appellant's eighth assignment of error involves the board's conclusion that appellant violated R.C. 4731.22(B)(2), (B)(3) and (B)(6), because Niehaus Medical Center, Inc., used the prescription which contained his name individually, thereby creating a presumption that Demerol was issued for his personal use. Appellant entered a joint statement of fact in which he agreed that he ordered the drugs involved. Notwithstanding, he testified that the medication was ordered for the Niehaus Medical Center, Inc.

Dr. Barnes found that "Dr. Niehaus having failed to rebut the presumption created by law that the January 28, 1985, Demerol prescription was ordered for his own use, this Hearing Member concludes that this prescription was issued for Dr. Niehaus' personal use. * * *" Appellant alleges that such a finding involves a presumption that, since the prescription was in appellant's name, it was intended for his own purpose. Thus, appellant maintains that

the common pleas court erred in affirming the board's reliance on such a presumption.

The prescription in question, however, was authorized by appellant and written for "Fred J. Niehaus, M.D." This entry was undisputed. Appellant contends that the drugs were channeled to his patients. Dr. Barnes in his report and recommendation noted that federal regulations prohibit a physician from using a prescription to purchase drugs for distribution to patients.

Further, Dr. Barnes apparently did not believe appellant's testimony concerning the Demerol. Dr. Barnes, as trier of fact, properly determined the weight and credibility of the evidence. It was within his province to discount appellant's version of this incident, and there was no abuse of discretion by the common pleas court in affirming the board's conclusion concerning the Demerol prescription.

Appellant's eighth assignment of error is overruled.

For the foregoing reasons, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BRYANT, JJ., concur.