SZEP, Appellant,

v.

OHIO STATE BOARD OF PHARMACY, Appellee.*

[Cite as *Szep v. Ohio State Bd. of Pharmacy* (1995), 106 Ohio App.3d 621.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–073.

Decided Oct. 16, 1995.

*Theodore R. Klammer,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Robert J. McClaren,* Assistant Attorney General, for appellee.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1484, 664 N.E.2d 537.

CHRISTLEY, Presiding Judge.

This is an accelerated calendar appeal, predicated upon a final judgment of the Lake County Court of Common Pleas. Appellant, Frank Szep, seeks the reversal of the court's decision to affirm a prior order of appellee, the Ohio State Board of Pharmacy, in which appellant's application for registration as an intern was denied.

Appellant's application was initially filed with appellee on June 14, 1993. As part of this application, appellant averred that he had never been convicted of any felony or misdemeanor charges under the criminal laws of this state.

On October 22, 1993, appellee sent appellant a certified letter, informing him that it was appellee's intention to deny his application unless he requested a hearing within thirty days. As the basis for this proposed action, the letter stated that certain records had shown that appellant had been convicted of a felony in April 1988.

Within fifteen days of receiving the certified letter, appellant moved appellee to reconsider his application. As part of this motion, appellant specifically requested an evidentiary hearing on the matter. Appellant also attached to the motion a copy of a judgment entry of the Lake County Court of Common Pleas, in which the sentencing court in the prior criminal proceeding had ordered the expungement of appellant's felony conviction from the official records of all state agencies, including appellee.

A hearing on appellant's application was held before appellee on June 28, 1994. As part of this proceeding, appellant voluntarily agreed to submit to questioning under oath concerning the facts underlying the felony conviction. However, when an assistant attorney general sought to introduce the testimony of a police officer who had been involved in the investigation which led to the conviction, appellant objected on the basis that the testimony was inadmissible because the conviction had been expunged. This objection was overruled, and appellee heard the testimony of the officer.

On August 15, 1994, appellee issued its final order denying appellant's application for registration as a pharmacy intern. As part of its findings of fact, appellee again found that appellant had a prior felony conviction. Based upon this, appellee concluded that appellant was not a person of good moral character and habits.

Pursuant to R.C. 119.12, appellant appealed appellee's final order to the common pleas court. Once the record of the proceedings before appellee had been filed with the court, appellant filed his brief on the matter. Under his sole assignment of error, he again asserted that appellee had erred in considering the

testimony of the police officer because the relevant statutory provision on expunged convictions allowed appellee only to question appellant as to the circumstances underlying the conviction.

After appellee had filed its brief in response, the common pleas court issued its judgment affirming the denial of the application. As the basis for this holding, the court concluded that appellee could consider the testimony of other individuals if the expunged conviction has a direct and substantial relationship to the license for which appellant had applied.

In appealing from this judgment, appellant has raised the following assignment of error:

"The Lake County Court of Common Pleas erred to the prejudice of the appellant by affirming the decision of the Ohio State Pharmacy Board which denied appellant's application for intern registration."

In asserting that the denial of his application should have been reversed, appellant has raised the same argument which formed the basis of his brief before the common pleas court. Appellant contends that since the sentencing court in the prior criminal proceeding had ordered the expungement of his felony conviction, appellee was not permitted to hear and consider the police officer's testimony; instead, according to appellant, appellee could only question him personally as to the facts underlying the conviction. This argument lacks merit.

R.C. 2953.32 sets forth the basic procedure by which the records of a criminal conviction can be sealed. Division (C)(2) of this statute provides that if the sentencing court in a criminal action grants an application to seal the records, the effect of the order is that "[t]he proceedings in the case shall be considered not to have occurred."

■ However, the granting of an application to seal does not mean that the records of the conviction cannot be reopened for certain purposes. *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 378, 20 O.O.3d 334, 336–337, 421 N.E.2d 1303, 1306–1307. For example, R.C. 2953.33(B) provides that an individual can be questioned about a sealed conviction under certain circumstances:

"In any application for employment, license, or other right or privilege, any appearance as a witness, or any other inquiry, * * * a person may be questioned only with respect to convictions not sealed, * * * unless the question bears a direct and substantial relationship to the position for which the person is being considered."

■ In interpreting the foregoing provision, the common pleas court expressly held that not only was appellee allowed under the statute to question appellant directly about the prior conviction, but that appellee was also allowed to consider

the testimony of other witnesses on the matter. In support of this holding, the court cited *In re Niehaus* (1989), 62 Ohio App.3d 89, 574 N.E.2d 1104.

*Niehaus* involved a disciplinary proceeding against a physician. Before the State Medical Board, the physician stipulated to the fact that he had a prior conviction for a misdemeanor offense, and that this conviction had subsequently been expunged from state records. Despite the expungement, the State Medical Board suspended him from the practice of medicine, based solely upon the fact that he had committed the offense in the course of his practice.

Before the Tenth Appellate District, the physician asserted that an expunged prior conviction could not be a basis for suspending his license to practice. In rejecting this argument, the *Niehaus* court began its analysis by emphasizing that the sealing of a record does not act as an absolute bar to the consideration of a prior conviction. The court then made the following statement in relation to R.C. 2953.33(B):

"R.C. 2953.33(B) is not limited to consideration of sealed records only with respect to the questioning of an applicant for professional licensure, but also encompasses any other inquiry which bears a direct and substantial relationship to other rights and privileges associated with such license, as in the case herein. In that respect, we adopt the sound reasoning of the trial court at page two of its decision:

" ' * * * The acts complained of relative to the prescription of Dalmane were also concluded to be an inappropriate prescribing and issuance of a prescription. Even if the Board would not have known, through expungement, of the guilty plea to a misdemeanor (a violation of 4731.22(B)(11) Revised Code), the Board considered these acts separate and apart from the misdemeanor plea as violations of 4731.22(B)(2) and 4731.22(B)(3), Revised Code. The record refers to 4711.22(B)(10) when it should be 4711.22(B)(11). The Appellant's stipulation of the conviction, and later the effort to legally erase the conviction through expungement did not preclude the Board from considering and concluding that Appellant violated the Medical Practice Act. *A licensing Board should not be barred, by expungement, from inquiry into acts of a licensee that directly involve the course of practice or work for which the license has been granted.* ' " (Emphasis *sic.*) *Id.,* 62 Ohio App.3d at 96–97, 574 N.E.2d at 1109–1110.

Citing the first paragraph of the foregoing quote, appellee contends that the *Niehaus* decision stands for the proposition that the scope of a state board's review of an expunged conviction is not limited to questioning of the convicted person himself. That is, appellee interprets *Niehaus* to hold that the reference in R.C. 2953.33(B) to "any other inquiry" means that a state board can consider the testimony of other individuals in relation to an expunged conviction.

However, the wording of the foregoing quote from *Niehaus* simply does not support this interpretation. Considered as a whole, the *Niehaus* decision stands only for the proposition that R.C. 2953.33(B) not only is applicable to proceedings in which an application for a license is being considered, but is also applicable to proceedings in which the possible suspension of a license is being considered. Stated differently, the use of the term "any other inquiry" was only meant to indicate that the statute was applicable to other types of proceedings similar to the one in which an application for a license is considered. The term is irrelevant to the question of what testimony or evidence a state board can consider in relation to an expunged conviction.

In regards to *Niehaus*, this court would further note that the question of what testimony could be heard by a state board was not even before the *Niehaus* court. As was noted above, the physician in *Niehaus* stipulated to the existence of the expunged conviction. Moreover, there is no indication in the opinion that the State Medical Board heard testimony from any individual other than the physician.

Since *Niehaus* did not even address the issue raised in this case, the common pleas court's reliance upon it was misplaced. Nevertheless, this court still concludes that the common pleas court's ultimate holding was correct.

As to this point, this court would again note that R.C. 2953.33(B) simply provides that when a person files an application for a license, a state board may question that person concerning a sealed conviction if the questions are relevant to the issue of whether the license should be granted. When considered in the context of the entire statute, it does not appear that the General Assembly intended for the reference to "questioning" the person to be construed as a definitive statement as to what a board could consider in relation to the sealed conviction. Instead, it would appear that the reference was merely made to indicate that the general issue of the sealed conviction could be raised and considered as part of the determination concerning the license.

If R.C. 2953.33(B) provided that *only* the person applying for the license could be questioned as to the sealed conviction, this court would agree that such a statement was intended to place a limit upon the evidence the board could consider. However, as it is presently worded, the statute does not definitively answer the issue raised in this case.

Moreover, certain practical considerations support the conclusion that given the ambiguity of the statute, it should be interpreted to allow a state board to question other individuals concerning the conviction.

As a general proposition, R.C. 2953.33(B) states an exception to the general rule that if a conviction is expunged, it will be treated as if it never existed, *i.e.*, it

allows the state board to consider the expunged judgment. Given this, it follows that the state board is allowed to base its denial of the application based upon the existence of the expunged conviction.

In turn, if the foregoing is correct, it further follows that the state board should be allowed to hear "both sides of the story" so that it can make a proper determination on the matter. Under appellant's interpretation of the statute, the board would be allowed to hear only one version of the conviction, *i.e.*, his version of the conviction. Such an interpretation is inconsistent with the general legal axiom that a tribunal is more apt to render a proper decision following an adversarial proceeding, in which each party has an opportunity to present its side of an issue.

In the instant case, the police officer gave testimony concerning the facts upon which appellant's conviction was predicated. With such information, appellee was in a better position to determine whether the particular facts of the case warranted the granting or denial of his application.

Based upon the foregoing analysis, this court concludes that appellee did not err in hearing the testimony of the police officer because such a procedure is not prohibited under R.C. 2953.33(B). Accordingly, since the trial court did not err in upholding appellee's decision denying appellant's application, his sole assignment of error lacks merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.