OPINION
Appellant, Moyer's Auto Wrecking, Inc., brings this appeal from a Crawford County Common Pleas Court decision upholding the Ohio Motor Vehicle Salvage Dealers Licensing Board's ("Salvage Board") denial of its application for a buyer's identification card for its employee, Terry Edward Moyer.
The basis for the denial was that Moyer had an expunged felony conviction for knowingly removing, obliterating, tampering or altering a vehicle identification number. Appellant asserts that, by failing to either inquire into Moyer's conviction or make a specific finding that the conviction bore a direct and substantial relationship to the regulated activity, the Salvage Board failed to follow the mandates of R.C.2953.33(B) and was precluded from considering the expunged felony conviction. We find these contentions to be unsupported by the record. Moyer was questioned concerning the prior conviction and the Salvage Board expressly found that the conviction bore a direct and substantial relationship to the position applied for.
Appellant also argues that without substantial, reliable, or probative evidence supporting the Salvage Board's determination, the trial court abused its discretion in affirming the order. We do not find that the trial court's determination was the product of perversity of will, passion, prejudice, partiality, or moral delinquency, or was so unsupported by the evidence such as would constitute an abuse of discretion. Accordingly, we affirm the decision of the trial court.
The facts that are relevant to the issues raised on appeal are as follows. In May of 1989, Moyer was convicted in the United States District Court for the Northern District of Ohio, upon a plea of guilty, to knowingly removing, obliterating, tampering or altering a vehicle identification number ("VIN"), a felony in violation of Title 18 of the United States Code. Thereafter, Moyer filed an application with the Crawford County Common Pleas Court to have the conviction expunged. Having reviewed the case file, the court found the conditions of the statute satisfied and entered judgment granting Moyer's application to have the conviction expunged, subject to the exceptions and provisions set forth in R.C. 2953.32.
On May 24, 2000, Appellant submitted an application to the Registrar of the Ohio Bureau of Motor Vehicles ("registrar") for the issuance of a buyer's identification card to Moyer. The buyer's identification card would permit Moyer to purchase salvage parts for Appellant. Question 5(c) of the application asked whether the applicant had "ever been convicted of or pleaded guilty to a felony or a fraudulent act[.]" Moyer's response was "No."
Aware of Moyer's prior conviction as a result of a previously denied application, the registrar issued a letter, requesting that he supply additional information or correct what was apparently perceived to be a potential falsification. In response, Moyer submitted an amended application to which he attached a statement describing the conviction but indicated that as a result of its expungement his attorney had advised him to answer "No" to the aforementioned question. On October 6, 2000, Appellant was notified that the registrar had entered an order denying the application.
Appellant appealed the registrar's order to the Salvage Board. The parties submitted additional testimony and evidence before the Salvage Board at a formal hearing. The Salvage Board issued an adjudication order in which it found that the expunged felony conviction "was directly and substantially related to the salvage business" and provided appropriate grounds for the denial. Appellant appealed this order to the Crawford County Common Pleas Court, pursuant to R.C. 119.12. On July 12, 2001, the trial court upheld the Salvage Board's order, finding that Moyer's conviction provided "reliable, probative, and substantial evidence to support the board's decision." This appeal followed.
Appellant presents two assignments of error for our review. For purposes of clarity and organization, we will address Appellant's second assignment of error first.
 Assignment of Error Number Two The trial court erred in affirming the decision of the Ohio Motor Vehicle Salvage Dealers Licensing Board in that the order was not in accordance with the law.
 In his second assignment of error, Appellant argues that the Salvage Board erred in several respects in its application of R.C. 2953.33(B) and, therefore, was not entitled to consider Moyer's expunged conviction in reviewing the buyer's identification card application. Because these questions on appeal relate to the application of a pertinent statute or rule, we are required to exercise our plenary powers of review.[1]
R.C. 4738.18 requires that a person who wishes to purchase salvage motor vehicles at salvage motor vehicle auctions or pools to make application to the registrar of motor vehicles for a buyer's identification card. While buyer's identification cards are generally reserved to licensed salvage dealers, the section permits a licensed salvage dealer to designate up to two employees to act as buyers for the licensee. The dealer is required to make application for a buyer's identification card for each employee in an identical fashion. R.C.4738.18(E) requires that all applicants for buyer's identification cards must be of good financial repute and not have been convicted of a felony.
The basic procedures by which the records of a criminal conviction can be sealed are set forth in R.C. 2953.32. Division (C)(2) of this section provides that if the Common Pleas Court grants an application to seal the records, the effect of the order is that "[t]he proceedings in the case shall be considered not to have occurred." However, the granting of an application to seal records of criminal convictions does not mean that the records cannot be reopened or considered for other purposes.[2] R.C.2953.33(B) provides, in part:
 In any application for employment, license, or other right or privilege, any appearance as a witness, or any other inquiry, * * * a person may be questioned only with respect to convictions not sealed, * * * unless the question bears a direct and substantial relationship to the position for which the person is being considered.
 This section permits various entities to consider and base their denial of an application upon the existence of an expunged conviction where the conviction bears a direct and substantial relationship to the position for which the person is being considered.[3]
Appellant asserts that R.C. 2953.33(B) requires a licensing authority to make an express finding that the conviction bore a direct and substantial relationship to the position applied for before it may consider the conviction or question the applicant in relation thereto. However, because Appellant failed to raise this issue before either the Salvage Board or the trial court, we find that the claim has been waived on appeal.[4] Nevertheless, while we note that nothing in R.C. 2953.33(B) expressly requires such a finding, a review of the record reveals that the registrar quoted R.C. 2953.33(B) in support of its original determination. Moreover, in its final adjudication order the Salvage Board also cited the section and expressly found that "[t]he conduct which resulted in [Moyer's] felony conviction was directly and substantially related to the salvage business."
Appellant also contends that Moyer was not questioned as to the expunged conviction and that without any inquiry the conviction could not be considered in reviewing the application. However, the record demonstrates that the buyer's identification card application inquires into past felony convictions and that the registrar further requested that the application be supplemented with additional information regarding Moyer's conviction.
Question 5(c) of the buyer's identification card application asks whether the applicant has "ever been convicted of or pleaded guilty to a felony or a fraudulent act?" In the May 24, 2000 application, Moyer's response was "No." Aware of the prior conviction from a previously denied application and apparently perceiving the response to be a potential falsification, the registrar issued a letter requesting that the applicant correct the application or supply additional information. Appellant did not object to the inquiry but instead, submitted an amended application.
To the amended application Moyer attached a copy of a January 19, 2000 Crawford County Common Pleas Court judgment entry expunging the conviction and the following statement:
 In 1988 I was convicted of selling a motor vehicle with an altered VIN tag. That conviction was expunged (please see copy of the Judgment Entry relating thereto) — and because of the expungement, my attorney advised me that I should answer NO to question No. 5(c).
 This response effectively outlined the self-explanatory nature of the offense, date of conviction, and date of expungement. Also, the parties submitted additional documentation of the conviction and testimony describing the underlying facts of the offense. Appellant does not challenge the introduction of any of this evidence on appeal. Indeed, Moyer's own testimony provided a detailed account of the investigation, the underlying activities, and his guilty plea and conviction. Consequently, the need for further inquiry was effectively eliminated through the parties' introduction of testimony and other evidence. Therefore, we do not find that the Salvage Board erred in its interpretation or application of R.C. 2953.33(B).
Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error Number One The trial court erred in affirming the decision of the Ohio Motor Vehicle Salvage Dealers Licensing Board in that the order denying Terry Moyer a salvage dealer's license [sic] was not supported by reliable, probative and substantial evidence.
 In its first assignment of error, Appellant argues that the trial court abused its discretion in affirming the denial of the buyer's identification card application. Appellant asserts that there was nothing in the record to support a determination that a direct and substantial relationship existed between the expunged conviction and the position for which he was applying.
Decisions made by Ohio administrative agencies may be appealed to a common pleas court pursuant to R.C. 119.12, which provides, in pertinent part:
 Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *.
 In reviewing an administrative order, a trial court is required to affirm a decision if it is supported by reliable, probative, and substantial evidence.[5] An agency's findings of fact are presumed to be correct and must be deferred to by a reviewing court unless that court determines that the agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable.[6] With respect to purely legal questions, however, the court is to exercise independent judgment.[7]
Upon further review, the role of an appellate court is more limited than that of the trial court.[8] The Ohio Supreme Court outlined the extremely deferential standard of review applied to administrative agency determinations as follows:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.
 The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."[9]
 Though Moyer asserted that the violation had nothing to do with salvage parts, the Salvage Board found that a felony conviction for knowingly removing, obliterating, tampering with, or altering the Vehicle Identification Number (VIN) for motor vehicle and its parts was directly and substantially related to the salvage business and concluded that the conviction was grounds for denial of the license. Upon review, the trial court upheld the Salvage Board's adjudication order finding that, regardless of the asserted lack of questioning, the license sought involved the handling of VIN numbers on a regular basis, that the criminal conduct at issue bore directly upon the license sought, and that the conviction provided reliable, probative, and substantial evidence supporting the order.
As previously indicated, both parties had supplied significant information about the expunged conviction. Having reviewed the record herein, we cannot say that the trial court's determination that the order was supported by reliable, probative, and substantial evidence was the product of perversity of will, passion, prejudice, partiality, or moral delinquency, or was so unsupported by the evidence as to constitute an abuse of discretion. Accordingly, Appellant's first assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
SHAW and BRYANT, JJ., concur.
[1] Midwestern College of Massotherapy v. State Med. Bd. of Ohio
(1996), 110 Ohio App.3d 677, 682, citing Univ. Hosp., Univ. of CincinnatiCollege of Medicine v. State Emp. Relation Bd. (1992),63 Ohio St.3d 339.
[2] Szep v. Ohio State Bd. of Pharmacy (1995), 106 Ohio App.3d 621, dismissed, appeal not allowed by 75 Ohio St.3d 1484; Pepper Pike v. Doe
(1981), 66 Ohio St.2d 374, 378.
[3] Szep, 106 Ohio App.3d at 626.
[4] Bouquett v. Ohio State Med. Bd. (1997), 123 Ohio App.3d 466,474, dismissed, appeal not allowed by, 81 Ohio St.3d 1415.
[5] R.C. 119.12; VFW Post 8586 v. Ohio Liquor Control Comm. (1998),83 Ohio St.3d 79, 81.
[6] Ohio Historical Soc. v. State Emp. Relations Bd. (1993),66 Ohio St.3d 466, 471.
[7] VFW Post 8586, supra, at 82.
[8] Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. ofEdn. (1992), 63 Ohio St.3d 705, 707; see, also, Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
[9] Rossford Exempted Village School Dist. Bd. of Edn.,63 Ohio St.3d at 707, (citations omitted).