OPINION
{¶ 1} This is an administrative appeal from the judgment of the Lake County Court of Common Pleas that affirmed the denial of appellant, Thomas Schmitt's ("Schmitt"), application for a professional counselor's license. For the reasons set forth below, we affirm.
 {¶ 2} Schmitt applied to the Ohio Counselor and Social Worker Board ("the Board"), for a license as a professional counselor. The application asked if Schmitt had ever been convicted of a felony or first degree misdemeanor. Schmitt answered that he had been convicted of menacing by stalking, a first degree misdemeanor.
 {¶ 3} By letter dated April 4, 2000 the Board requested that Schmitt send a report from his probation officer and complete a comprehensive mental health assessment. In response, Schmitt sent the Board a letter detailing the reasons he could not afford the mental health assessment and enclosing a copy of the record of his conviction. Schmitt also forwarded to the Board several letters of recommendation from his employers. Schmitt never provided the Board with a report from his probation officer nor received a mental health assessment.
 {¶ 4} On July 28, 2000, the Board sent Schmitt a "Notice of Proposed Denial of Professional Counselor Application." The notice stated:
 {¶ 5} "On July 15, 1993, the applicant was convicted of a first degree misdemeanor of menacing by stalking. Given the severe nature of this conviction the Board has concerns about the applicant's fitness to practice and proposes to deny his application under Section 4757.23(B)(1) as a failure to demonstrate good moral character. Therefore, the [a]ppllicant fails to meet the requirements of Ohio Revised Code Section4757.23(B)(1) and the Ohio Administrative Code 4757-13-02(C)."
 {¶ 6} Schmitt requested a hearing on the notice. Prior to the hearing, Schmitt took steps to have his record of conviction expunged pursuant to R.C. 2953.32. The Cleveland Municipal Court ordered Schmitt's record expunged on November 21, 2000.
 {¶ 7} The Board held a hearing on Schmitt's application on January 18, 2001. At the hearing the parties presented evidence that established the facts set forth above. The Board also heard evidence that the court had ordered Schmitt to receive mental health counseling as a result of his criminal conviction. Schmitt testified that he did not attend counseling.
 {¶ 8} Following the hearing, the Board denied Schmitt's application. The adjudication order stated:
 {¶ 9} "The State of Ohio Counselor and Social Worker Board was established in order to set minimum licensure guidelines in the profession of social work and counseling so as to protect the public. The members of the Counselor Professional Standards Committee of the Ohio Counselor and Social Worker Board present for this hearing have reviewed the licensure application of Thomas Schmitt as well as all evidence presented by the State of Ohio and Thomas Schmitt. Mr. Schmitt was convicted on July 15, 1993, of menacing by stalking, a first degree misdemeanor. Based on this conviction and the evidence presented at the hearing, the Committee cannot find Mr. Schmitt to be of good moral character as set out in Revised Code Section 4757.23(B)(1)."
 {¶ 10} Schmitt appealed the Board's decision to the Lake County Court of Common Pleas. The common pleas court affirmed the Board's decision stating, "[t]he Court finds that the Board's order denying Appellant's professional counselor license application for failing to meet the good character requirements of R.C. 4757.23(B)(1), is supported by reliable, probative, and substantial evidence and is in accordance with the law." Schmitt appeals this decision raising three assignments of error:
 {¶ 11} "[1.] The trial court erred prejudicially by denying the appellant the protections afforded by R.C. 2953.33.
 {¶ 12} "[2.] The lower court erred prejudicially when it affirmed the denial of the appellant's license based on R.C. 4757.23(B)(1).
 {¶ 13} "[3.] The Board's denial of the Appellant's license because `the committee cannot find Mr. Schmitt to be of good moral character as set out in Ohio Revised Code Section 4757.23(B)(1)' was arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence and the trial court committed prejudicial error and abuse of discretion in affirming the Board's decision."
 {¶ 14} Schmitt first argues that the Board was not entitled to use his conviction as a basis for denial of his application. We disagree.
 {¶ 15} R.C. 2953.33 provides:
 {¶ 16} "(A) Except as provided in division (G) of section 2953.32
of the Revised Code, an order to seal the record of a person's conviction restores the person who is the subject of the order to all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole.
 {¶ 17} "(B) In any application for employment, license, or other right or privilege, any appearance as a witness, or any other inquiry, except as provided in division (E) of section 2953.32 of the Revised Code, a person may be questioned only with respect to convictions not sealed * * *, unless the question bears a direct and substantial relationship to the position for which the person is being considered."
 {¶ 18} Schmitt argues that a conviction for menacing by stalking bears no direct and substantial relationship to the position of professional counselor.
 {¶ 19} In Adelman Real Estate Co. v. Gabanic (1996),109 Ohio App.3d 689, we stated:
 {¶ 20} "* * *, the standard of review applied by the trial court is whether there is a preponderance of reliable, probative and substantial evidence in the record to support the administrative agency's decision.
 {¶ 21} "The trial court must give due deference to the agency's resolution of evidentiary conflicts, and the court may not substitute its judgment for that of the agency.
 {¶ 22} "Furthermore, the court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid.
 {¶ 23} "As an appellate court, our review is limited to a determination of whether we can say, as a matter of law, that the decision of the trial court is not supported by a preponderance of reliable, probative and substantial evidence. We do not have the authority to weigh the preponderance of reliable, probative and substantial evidence as is granted to the trial court." (Internal quotations and citations omitted). Id. at 692-93.
 {¶ 24} The Supreme Court of Ohio has held that, "[w]hen reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619. Here, we must accord due deference to the Board's interpretation of the ethical requirement of "good moral character."
 {¶ 25} In the instant case, we cannot say that the trial court abused its discretion in considering evidence of Schmitt's conviction. R.C. 2953.33 provides that an applicant may be questioned about a conviction that has been expunged if there is "a direct and substantial relationship to the position for which the person is being considered." The Counselor and Social Worker Board has established minimum application guidelines to protect the public.
 {¶ 26} At the hearing, Schmitt was questioned about his conviction, his refusal to attend counseling as ordered by the court, and his failure to receive a mental health assessment as requested by the Board. Members of the Board also questioned Schmitt as to whether he believed it was appropriate for one to impose one's will on another. Schmitt testified that in certain professional situations, such conduct would be acceptable. This line of questioning relates substantially and directly to Schmitt's application for a professional counselor's license. Therefore, the trial court did not err by affirming the Board's consideration of evidence of Shmitt's conviction. See Szep v. Ohio StateBd. of Pharmacy (1995), 106 Ohio App.3d 621.
 {¶ 27} In his second assignment of error Schmitt argues that the court improperly shifted the burden to him to prove that he was of good moral character. This assignment of error is without merit.
 {¶ 28} R.C. 4757.23 provides in relevant part:
 {¶ 29} "(A) The counselors professional standards committee of the counselor and social worker board shall issue a license as a professional counselor to each applicant who submits a properly completed application, pays the fee established under section 4757.31 of the Revised Code, and meets the requirements established under division (B) of this section.
 {¶ 30} "(B) To be eligible for a license as a professional counselor, an individual must meet the following requirements:
 {¶ 31} "(1) The individual must be of good moral character.
 {¶ 32} "(2) The individual must hold from an accredited educational institution a graduate degree in counseling.
 {¶ 33} "(3) The individual must complete a minimum of ninety quarter hours of graduate credit in counselor training acceptable to the committee, which the individual may complete while working toward receiving a graduate degree in counseling or subsequent to receiving the degree.
 {¶ 34} "(4) The individual must pass an examination administered by the board for the purpose of determining ability to practice as a professional counselor."
 {¶ 35} The Board stated in its adjudication order that it could not find that Schmitt was of good moral character. The common pleas court, in it judgment entry stated, "Given that [Schmitt] was convicted of [m]enacing by [s]talking, it was within the Board's authority to require that [Schmitt] establish good moral character by submitting to a psychological evaluation, prior to granting him a professional counselor's license." Schmitt argues that this language demonstrates that the trial court improperly shifted the burden to him to prove that he was of good moral character. Schmitt contends that that Board had the burden to prove that he was not of good moral character. We disagree.
 {¶ 36} R.C. 4757.23 requires the Board to grant a license if the applicant meets certain minimum requirements. One of those requirements is that the individual must be of good moral character. Looking at the structure of the statute as a whole, the applicant must show that he is of good moral character, just as he must show that he has a graduate degree from an accredited educational institution. Were we to adopt Schmitt's interpretation, anyone desiring a professional counselor's license would simply need to submit an application, the burden then would shift to the Board to prove that the applicant did not have the requisite qualifications, such as a graduate degree. The statute does not support such a construction. Thus, the trial court did not abuse its discretion when it found that Schmitt failed to establish one of the prerequisites for a professional counselor's license.
 {¶ 37} Schmitt also argues that since the Board did not find him to have violated any of the provisions set forth in R.C. 4757.36, the Board improperly denied his application. Schmitt misreads R.C. 4757.36. While this statute does list specific grounds for which a license may be denied or revoked, e.g., making a false statement on a license application, R.C. 4757.36(A)(2), or a felony conviction, R.C. 4757.36(A)(5), it also includes the following ground, "Committ[ing] a violation of any provision of this chapter or rules adopted under it. R.C. 4757.36(A)(1). Failure to possess the requisite moral character as required by R.C.4757.23(B)(1) is a violation of R.C. 4757.36(A)(1). Therefore, the common pleas court did not abuse its discretion in affirming the Board's decision.
 {¶ 38} In his third assignment of error, Schmitt argues that the trial court abused its discretion in affirming the board's decision because the decision was arbitrary, capricious, and unsupported by a preponderance of substantial, reliable, and probative evidence. Schmitt's third assignment of error is without merit.
 {¶ 39} The Board had before it evidence of Schmitt's conviction, failure to obtain counseling as ordered by the court, and failure to comply with the Board's request for a mental health assessment. This court has held that an expunged conviction, in and of itself, is sufficient grounds to deny a license. Szep, supra, at 626. Therefore, the common pleas court did not abuse its discretion when it found that a preponderance of substantial, reliable, and probative evidence supported the Board's decision.
 {¶ 40} The common pleas court properly concluded that the Board could consider Schmitt's expunged conviction under R.C. 2953.33(B); Schmitt had the burden under R.C. 4757.23(B)(1) to show that he was of good moral character, and the common pleas court did not abuse its discretion in affirming the Board's decision.
 {¶ 41} For the foregoing reasons, the decision of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.
ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment.