The State of Ohio *v*. Pinkney.

(No. 92137—Decided January 5, 1972.)

Common Pleas Court of Cuyahoga County.

*Mr. William Coyne,* assistant prosecutor, for plaintiff.
*Mr. Fred H. Mandel* and *Mr. Jay B. White,* for defendant.

White, J.  On April 2, 1969, the defendant, then 18 years of age, was arrested by the Cleveland Police Department officers, who fingerprinted him, took his photographs, conducted a firearms discharge test and placed him in line-ups.  Shortly thereafter, he was indicted for first degree murder, and after a trial before a jury on November 13, 1969, the jury being deadlocked, was discharged on December 5, 1969.  While awaiting a re-trial, several months thereafter, other persons confessed to the alleged crime against the defendant, and as a result thereof, and upon motion of the county prosecutor, the court nolled the charges against the defendant and ordered his release.

On December 14, 1971, counsel for the defendant filed a motion to expunge the records, together with an affidavit and brief in support thereof.  The court finds that the motion is well taken and is granted.  The court orders that:

1. The police department of the city of Cleveland, Ohio shall remove from its files and destroy all records (originals and copies) in its possession or under its control relating to the defendant, Alan G. Pinkney, to-wit:

arrest, lineups, fingerprints and photographs, firearms discharge tests, and any and all other records of every nature and description.

2. The clerk of this court shall seal the records in this case relating to the defendant, Alan G. Pinkney, and the proceedings in said case shall be determined never to have occurred. All index references shall be deleted and the said defendant and the court may properly reply that no record exists with respect to said defendant upon any inquiry in the matter.

3. The sheriff of this county shall remove from his files and destroy all records (originals and copies) in his possession or under his control relating to the defendant, Alan G. Pinkney.

4. The police chief of the city of Cleveland, Ohio, the clerk of this court, and the sheriff of this county are to inform this court in writing within ten (10) days from the date of this order, that the said records have been destroyed, and the said officials are also to give similar notice to Fred H. Mandel, 700 Standard Building, Cleveland, Ohio, the attorney for the said defendant, Alan G. Pinkney, when the said records have been destroyed.

The court further recommends to counsel for the defendant that he request the Bureau of Criminal Identification and Investigation of the state of Ohio to expunge and destroy all of its records and return any photographs in its possession, and that he request the government of the United States of America, particularly the Federal Bureau of Investigation and any other federal law enforcement agencies to destroy all records in their possession relating to this defendant.

It is the opinion of this court that there exists in the individual a fundamental right of privacy, the right to be left alone. The potential economic and personal harm that result if his arrest becomes known to employers, credit agencies or even neighbors, may be catastrophic.

In the case of *Menard* v. *Mitchell* (1970), 430 F. 2d 486, U. S. C. A., D. C. Cir., the court said at page 490:

"[5] Information denominated a record of arrest, if

it becomes known, may subject an individual to serious difficulties. *Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial.* Economic losses themselves may be both direct and serious. *Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved.* An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been used in deciding whether to allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender.'' (Emphasis supplied.)

In the case of *Wheeler* v. *Goodman* (1971), U. S. D. C., W. N. C., the court said in the report found in 9 Cr. L. 2312:

''We have reconsidered our expunction order and adhere to it. We reiterate that expunction is an extreme remedy and is not appropriate simply because the defendant is acquitted or released without prosecution. It should seldom be invoked. *But if ever appropriate it would seem to be so here where minor plaintiffs have arrests and repetitious raids without probable cause. For the reasons stated in our prior opinion, we are unable to perceive any benefit to society and to the preservation of law and order in the maintenance of these particular arrest records.''* (Emphasis supplied.)

In the case of *U. S.* v. *Kalish* (1967), U. S. D. C., D. Puerto Rico, 271 F. Supp. 968. At page 970, the court said:

''[2] *However, when an accused is acquitted of the crime or when he is discharged without conviction, no public good is accomplished by the retention of criminal identification records.*

''*On the other hand, a great imposition is placed upon the citizen. His privacy and personal dignity is invaded as long as the Justice Department retains 'criminal' identi-*

*fication records, 'criminal arrest, fingerprints and a rogue's gallery photograph.' "* (Emphasis supplied.)

The court then cites with approval the language of Judge Hand in *U. S.* v. *Kelly* (C. A., 1932), 55 F. 2d 67, at page 70; and see the case of *Morrow* v. *District of Columbia* (U. S. C. A., D. C. 1969), 417 F. 2d 728, where the court held that it has ancillary jurisdiction to order the destruction of records. See also 21 Am. Jur. 2d 393-394, Section 369 "Criminal Law," and *Oberg* v. *Department of Law & Public Safety*, 41 N. J. Super, 256.

*Motion to dismiss overruled.*