

(No. C. R. 26213—Decided July 17, 1978.)

Court of Common Pleas of Cuyahoga County.

*Mr. Stephen Nigolian,* assistant prosecuting attorney, for plaintiff.

*Mr. Lynn A. Lazzaro,* assistant county defender, for defendant.

KILCOYNE, J. On April 24, 1976, an adult male was arrested while stripping an automobile, and subsequently was fingerprinted, photographed and released on bond; said male gave his name as Gary Allen. An indictment for receiving stolen property was returned and arraignment was

set for June 15, 1976. When Gary Allen failed to show, a *capias* was issued for his arrest. On October 20, 1977, the defendant herein, a paraplegic since birth, was arrested when an automobile in which he was a passenger was involved in a minor accident. Subsequently, a comparison of fingerprints and photographs taken on April 24, 1976, was made with those of the defendant. It was positively determined that the defendant was not the same adult male arrested in April of 1976.

On December 16, 1977, the defendant filed a motion to dismiss and to expunge the records.

R. C. 2953.32 provides, in pertinent part:

"(A) A *first offender* may apply to the sentencing court if convicted in the state or to a court of common pleas if convicted in another jurisdiction for the expungement of the record of his conviction, at the expiration of three years if convicted of a felony; or at the expiration of one year if convicted of a misdemeanor, after his final discharge." (Emphasis added.)

"First offender" is defined in R. C. 2953.31 as "anyone who has once been convicted of an offense in this state or any other jurisdiction."

The problem created by the above statute is that it limits expungement to persons who have once been convicted and fails to consider the right of an exonerated arrestee to expungement.

The only decision in Ohio providing direction in the instant case was rendered by Judge White of this court in *State* v. *Pinkney* (1972), 33 Ohio Misc. 183. In that case, defendant was arrested, fingerprinted, photographed and subjected to a line-up. Subsequently, he was indicted for first degree murder, tried, and discharged by reason of a deadlocked jury. While awaiting re-trial, other persons confessed to the murder and upon motion of the prosecutor, charges against the defendant were nolled. In ordering expungement of defendant's records, Judge White stated:

"A motion to expunge the records will be granted in a case where the charges against a defendant, although

groundless, were not proven so until after the defendant had been subjected to fingerprinting, photographing, line-ups and similar recording procedures.''

This area of law is the subject of controversy across the country. Various decisions rendered in different jurisdictions have been summarized in Annotation 46 A. L. R. 3d 900, Right of Exonerated Arrestee to Have Fingerprints, Photographs, or Other Criminal Identification or Arrest Records Expunged or Restricted. Only a few of the cases summarized in that annotation deal with mistaken identity. In one such case, *United States* v. *Jones* (D. C. Ct. Gen. Sec. 1970), reported at 38 Univ. of Chicago L. Rev. 850, 857, it was held that an arrestee was entitled to the return of all records after dismissal of charges on the grounds of mistaken identity.

In many jurisdictions, courts have been reluctant to order expungement in the absence of statutory authorization. However, the Supreme Court of Indiana in *State, ex rel. Mavitz* v. *Tyndall* (1946), 224 Ind. 364, has stated that while it is necessary that an individual's right of privacy be harmonized with community and social interests, that in exceptional cases the facts presented might justify expungement in the interest of preserving individual privacy.

In the opinion of this court, the instant case is such an exceptional case wherein the interest of preserving individual privacy justifies expungement of the defendant's records.

It is therefore ordered, adjudged and decreed that the defendant's Motion to Dismiss and to Expunge Records be and hereby is granted.

*Motion granted.*