374

CITY OF PEPPER PIKE, APPELLEE, *v.* DOE, APPELLANT.

(No. 80-1243—Decided June 10, 1981.)

*Messrs. Walter, Haverfield, Buescher & Chockley, Mr. Charles T. Riehl, Mr. Victor J. Leo* and *Mr. Robert L. Musser,* director of law, for appellee.

*Messrs. Fink, Greene & Hennenberg, Mr. Michael C. Hennenberg* and *Ms. Janet R. Burnside,* for appellant.

CLIFFORD F. BROWN, J.   This case raises the question of whether a defendant charged with but not convicted of a criminal offense has a right to a judicial remedy which orders expungement of her criminal record. Although novel for this court, the question of expungement and sealing of records has been raised in Ohio's lower courts and addressed by other jurisdictions.[3]

In Ohio, convicted first offenders may seek expungement and sealing of their criminal records under the authority of R. C. 2953.32.[4] But, even absent statutory authorization, trial courts in unusual and exceptional circumstances expunge criminal records out of a concern for the preservation of the privacy interest. *State* v. *Drewlo* (Cuyahoga Co. App., April 17, 1980), case No. 40543, unreported; *State, ex rel. Mavity,* v. *Tyndall* (1946), 224 Ind. 364, 66 N.E. 2d 755. Some courts order expungement and sealing of records in "appropriate circumstances" out of concern for due process rights. *Commonwealth* v. *Malone* (1976), 244 Pa. Super. 62, 366 A. 2d 584. In all such jurisdictions, however, even individuals who have never been convicted are not entitled to expungement of

---

[3] See *e.g., State* v. *Drewlo* (Cuyahoga Co. App. 1980), case No. 40543, unreported; *State* v. *Allen* (1978), 59 Ohio Misc. 138; *State* v. *Pinkney* (1972), 33 Ohio Misc. 183; *Doe* v. *Webster* (C.A.D.C. 1979), 606 F. 2d 1226; *United States* v. *Bohr* (E.D. Wis. 1976), 406 F. Supp. 1218; *Commonwealth* v. *Malone* (1976), 244 Pa. Super. 62, 366 A. 2d 584; *State, ex rel. Mavity,* v. *Tyndall* (1946), 224 Ind. 364, appeal dismissed 333 U.S. 834. See, generally, annotation 46 A.L.R. 3d 900.

[4] R. C. 2953.32, as effective November 1, 1977, provided in pertinent part:

"(A) A *first offender* may apply to the sentencing court if *convicted* in the state or to a court of common pleas if *convicted* in another jurisdiction for the expungement of the record *of his conviction* at the expiration of three years if *convicted* of a felony; or at the expiration of one year if *convicted* of a misdemeanor, after his final discharge." (Emphasis added.)

"First offender" is defined in R. C. 2953.31 as "anyone who has once been convicted of an offense in this state or any other jurisdiction." Defendant does not fit within the meaning of "first offender," since she has never been convicted of any crime. Therefore she is not within the purview of the expungement statute.

their arrest records as a matter of course. *United States* v. *Linn* (C.A. 10, 1975), 513 F. 2d 925.

In this case, the appellant was criminally charged with assault as a result of a domestic dispute. It is clear from the context and history of the matter that appellant's former husband and his current wife used the courts as a vindictive tool to harass appellant. The criminal charge and dismissal with prejudice were such unusual and exceptional circumstances as to make appropriate the exercise of the trial court's jurisdiction to expunge and seal all records in the case. The basis for such expungement, in our view, is the constitutional right to privacy. See *Roe* v. *Wade* (1973), 410 U.S. 113; *Wisconsin* v. *Constantineau* (1971), 400 U.S. 433; *Griswold* v. *Connecticut* (1965), 381 U.S. 479.

In holding a right to expungement and sealing of all records in this case, we follow other jurisdictions which recognize the power to grant this judicial remedy. When exercising these powers, the trial court should use a balancing test, which weighs the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records. Where there is no compelling state interest or reason to retain the judicial and police records, such as where they arise from a domestic quarrel and constitute vindictive use of our courts, the accused is entitled to this remedy. There can be no compelling state interest or reason to maintain the records of the criminal proceedings against defendants like appellant here, a school teacher with a previously unblemished reputation in her community.

Again, this is the exceptional case, and should not be construed to be a carte blanche for every defendant acquitted of criminal charges in Ohio courts. Typically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert. *Chase* v. *King* (1979), 267 Pa. Super. 498, 406 A. 2d 1388.

Finally, we must address the inherent lack of precision in the term "expungement." For the sake of clarity and uniformity, this remedy should follow R. C. 2953.32(C) and (F), which delineate the scope of expungement of first offenders'

records.[5] It is clear from the statute that expungement does not literally obliterate the criminal record. The sealed record of the case may be inspected by any law enforcement authority or prosecutor to aid in the decision to file charges on any subsequent offenses involving the defendant. R. C. 2953.32(D)(1). The information may be recited in the charging document. R. C. 2953.32(D)(2). An expunged record of conviction may be used where otherwise admissible as evidence in any criminal proceeding. R. C. 2953.32(E). Further, the record may be used by anyone specifically authorized by the defendant whose record was expunged and sealed. R. C. 2953.32(D)(2).

To make the right of expungement uniform in this state, we follow the guidelines set out in Ohio's criminal expungement statute, and conclude that the government, even after expungement, is entitled to retain the record of appellant's arrest in its appropriate files. It will remain an historical event, available for use in legitimate criminal investigations, and as the appellant may direct. At the same time, appellant will be spared the economic, social, and legal consequences which might accompany routine handling of the records in question, and is entitled to destruction of such ancillary records as witness' statements and departmental reports.

The judgment of the Court of Appeals is reversed. It is ordered that upon remand of the cause to the trial court all police and judicial records in the case be ordered expunged and sealed, in accordance with this decision.

*Judgment reversed and
cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[5] R. C. 2953.32(C) and (F) provide, as effective October 25, 1979, in relevant part:

"(C) *** [If the sentencing court finds expungement proper,] the court shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted. The proceedings in the case shall be deemed not to have occurred and the conviction of the person who is the subject of the proceedings shall be sealed***."

"(F) The person or governmental agency, office, or department that maintains sealed records pertaining to convictions that have been sealed pursuant to this section may maintain a manual or computerized index to the sealed records. ***The index shall be made available by the person who has custody of the sealed records only for the purposes set forth in divisions (C), (D), and (E) of this section."