## State v. Greene
*[Cite as 5 AOA 230]*

*Case No. 1873*
*Medina County, (9th)*
*Decided July 5, 1990*

*Norman E. Brague, Director of Law, 145 High St., Wadsworth, OH 44281, for Plaintiff.*

*Phillip Greene, Pro Se, 7752 Prouty Rd., Lodi, OH 44254, for Self, Defendant.*

QUILLIN, J.

Defendant-appellant appeals the trial court's denial of defendant-appellant's motion to seal the record of his conviction. We reverse.

On July 5, 1985, defendant-appellant, Phillip Greene, was convicted of simple assault, R.C. 2903.13, and was subsequently fined and placed on probation for two years.

On September 5, 1989, Greene moved the trial court to seal the record of his conviction pursuant to R.C. 2953.32. The state objected to Greene's motion.

Following a hearing, the trial court found that Greene was a first offender pursuant to RC. 2953.31, and that there were no criminal proceedings pending against Greene at that time. The trial court also found that Green had been rehabilitated to the satisfaction of the trial court. Nevertheless, the trial court denied the motion finding that the state's interest in maintaining a record of the conviction outweighed Greene's interest in sealing the record of conviction.

The trial court found that Greene was a law student at the time of the hearing, and that the supreme court of Ohio and any future employer should be allowed to examine Greene's criminal record to determine Greene's fitness for admission to the bar. The court further stated that criminal convictions of potential members of the bar should be open to the public, so that the public could satisfy itself as to those person's fitness to be employed as an attorney. Greene appeals from the trial court's finding.

### ASSIGNMENT OF ERROR

"The trial court erred in denying defendant-appellant's motion for expungement of record of conviction."

R.C. 2953.32(A)(1) provides in part:

"* * [A] first offender may apply to the sentencing court if convicted in this state, *** for the sealing of the record of his conviction, *** at the expiration of one year after his final discharge if convicted of a misdemeanor."

R.C. 2953.32(C) provides in part:

"(1) The court shall do each of the following:

"(a) Determine whether the applicant is a first offender *** .

"(b) Determine whether criminal proceedings are pending against the applicant;

"(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

"(d) If the prosecutor has filed an objection in accordance with division(B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records.

"(2)If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender *** that no criminal proceeding is pending against him, and that the interests of the applicant in having the records pertaining to his conviction sealed are not outweighed by any legitimate governmental needs to maintain such records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court shall order all official records pertaining to the case sealed and, *** all index references to the case deleted ***. The proceedings in the case shall be considered not to have occurred and the conviction *** of the person who is the subject of the proceedings shall be sealed, ***.

"***"

Greene asserts that the trial court abused its discretion in determining that the interests of the state in maintaining the records of Greene's conviction outweighed Greene's interests in having the records sealed.

R.C. 2953.33(B) provides in part:

"In any application for employment, license, or other right or privilege, any appearance as a witness, or any other inquiry,*** a person may be questioned only with respect to convictions not sealed, unless the question bears a direct and substantial relationship to the position for which the person is being considered."

Gov. Bar R. I(2) (A) requires every applicant who intends to take the Ohio bar examination to file an application to register as a candidate for admission to the practice of law. The application includes a completed character reference questionnaire furnished by the Supreme Court of Ohio and prescribed by the Board of Commissioners on character and Fitness. Gov. Bar. R.

232

I(2)(B)(5). The questionnaire requires all applicants to provide the details of any involvement in a criminal proceeding, regardless of expungement or sealing. In addition, Gov. Bar. R. I(2)(B)(6) requires the applicant to submit three authorization and release forms. One of these forms authorizes release of sealed criminal records to the authorities investigating the applicant's fitness for admission to the bar. R.C. 2953.32 (D)(3) provides that anyone may gain access to the sealed records if specifically authorized by the person whose records were sealed. *Pepper Pike v. Doe* (1981), 66 Ohio St. 2d 374, 378; R.C. 2953.32(D)(3).

In the case *sub judice,* the trial court found that Greene met the statutory criteria to be granted sealing of the criminal record. However, the court denied the motion stating that the state's interest in maintaining the records outweigh Greene's privacy interest, because the public should have access to the criminal records in order to determine Greene's fitness to be admitted to the Ohio bar. However, the investigating authorities already are granted access to sealed criminal records through Greene's application and release.

In addition, R.C. 2953.33 addresses the additional concerns of the trial court relating to potential employment. R.C. 2953.33 permits potential employers to inquire into the sealed conviction when the conviction has a direct and substantial relationship to the position of employment.

We hold that the trial court abused its discretion in denying Greene's motion to seal the record of conviction.

The judgment of the trial court is reversed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Medina, Wadsworth Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandated pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed.*

CIRIGLIANO, J., concurs.

REECE, P.J., dissents.

The facts underlying the charge for which the appellant was convicted show a crime of violence involving threats to kill and physical assault upon two victims. The court below made a specific, *statutory* finding that the interest of the defendant-appellant in having the record of his conviction sealed is outweighed by the interest of the government in having the record maintained.

The appellant aspires to become a lawyer, a position of trust in which the public at large has an interest. Further, a future prospective employer of the appellant should not have to determine, or have to have determined for him, whether the appellant's conviction for his violent acts bears a direct and substantial relationship to the position for which the person is being considered before inquiry could be made into the appellant's acts. R.C. 2953.33(B).

Because I believe the trial court did not abuse its discretion, I would affirm the judgment.