**In re APPLICATION TO SEAL RECORD OF NO BILL.**

[Cite as *In re Application to Seal Record of No Bill* (1999), 131 Ohio App.3d 399.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–98–15.

Decided March 31, 1999.

*Edwin A. Pierce,* Auglaize County Prosecuting Attorney, for appellee.

Appellant (unnamed), *pro se.*

SHAW, Judge.

This is an appeal from the judgment and order of the Auglaize County Court of Common Pleas denying expungement of certain records maintained by the Department of Children Services.

On August 23, 1994, the Grand Jury of Auglaize County recorded a "No Bill" in regards to a criminal offense appellant was alleged to have committed. On February 2, 1998 and "pursuant to Ohio Revised Code § 2953.52," appellant filed a request for the court to seal "all official records including those of the Auglaize County Children Services Board and the Shelby County Children Services Board."

On March 23, 1998, the Auglaize County Court of Common Pleas heard defendant's motion. The state offered no objection to expungement of appellant's

records, but the court held that it had no authority to expunge children services records:

"[I]n light of the fact that I am only authorized to expunge the official records under 2953.51(D) and in light of the fact that your application requests the Court to go beyond the official records as defined by that section and since that section has been effective since August 8 of 1996 and your client's right to apply for expungement of those records didn't accrue until August 23 of 1996 I believe I got [*sic*] no choice other than to limit it in that fashion."

The court's subsequently sealed all "official records" relating to the case and ordered that "the proceedings in the matter shall be deemed not to have occurred," but specifically observed that "the Auglaize County Children Services and Shelby County Children Services records are not official records pursuant to R.C. 2953.51(D) as effective August 8, 1996." The court's order therefore had no effect on those records.

Appellant now asserts two assignments of error with the court's decision:

"The trial court erred when it did not allow the sealing of the Childrens [*sic*] Services record pursuant to the representations of the Shelby County Prosecutor that sealing the records was not opposed.

"The last sentence of R.C. 2953.51(D) is unconstitutional as it results in the denial of the only means of due process available to Appellant to remedy the actions of the Shelby County Childrens [*sic*] Services Board for reporting him as a sex offender on the central registry."

The statutory right to sealing the "official records" of a no bill is governed by R.C. 2953.52(A)(2), which reads as follows:

"Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreman or deputy foreman of the grand jury reports to the court that the grand jury has reported a no bill."

The trial court's discretion to seal records under R.C. 2953.52 is limited by the test enunciated in subsection (B)(3) of that code section:

"If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and *the*

*interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records,* the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred." (Emphasis added.)

Pursuant to R.C. 2953.51, the trial court sealed the majority of records pertaining to appellant's no bill. However, in 1996 the legislature amended the definition of "official records" as used in that code section, to exempt from the definition "records or reports maintained pursuant to section 2151.421 of the Revised Code by a public children services agency or the department of human services." R.C. 2953.51(D).

In this case, although neither the prosecutor from Auglaize County nor the prosecutor from Shelby County opposed the sealing of appellant's children services records, the court had no statutory authority to seal those records under R.C. 2953.51. Thus, were our inquiry restricted to statutory expungement, we would be forced to conclude that appellant's first assigned error lacks merit.

■ However, it is clear that the trial court's decision was premised upon the mistaken belief that the courts lack any power to seal children services records. We believe that courts have discretion to seal such records under the judicial expungement doctrine enunciated in *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303.

As we have observed, the amendment of R.C. 2953.51(D) exempts children services records from the definition of "official records" as used in the expungement statutes. It seems clear that this amendment was adopted in direct response to the Ohio Supreme Court's decision in *State v. S.R.* (1992), 63 Ohio St.3d 590, 589 N.E.2d 1319, which held that children services records and reports were "official records" capable of expungement under the statute.

■ However, the legislature's amendment of R.C. 2953.51(D) affects only the rights granted by statute. It has no effect on rights secured under the United States Constitution. In *Pepper Pike,* the Ohio Supreme Court recognized that the Constitution grants applicants a right to expungement of records in certain situations:

"[Some cases present] such unusual and exceptional circumstances as to make appropriate the exercise of the trial court's jurisdiction to expunge and seal all records in the case. The basis for such expungement, in our view, is the constitutional right to privacy.

*"Where there is no compelling state interest or reason to retain the judicial and police records, such as where they arise from a domestic quarrel and*

*constitute vindictive use of our courts, the accused is entitled to this remedy."* (Citations omitted and emphasis added.) *Id.* at 377, 20 O.O.3d at 336, 421 N.E.2d at 1306.

In *State v. S.R.*, 63 Ohio St.3d at 596, 589 N.E.2d at 1324, the court recognized that retention of children services records by the Children Services Board ("CSB") is not always justifiable:

"[T]here may be strong reasons to permit the sealing of records kept by CSB which implicate the accused in criminal conduct. For example, the alleged victim may have admitted to having contrived the accusation against the accused, and it would be unjust to permit the allegation to remain of record."

█ This court has recently held that notwithstanding the statutory confidentiality provisions of R.C. 5153.17 and 2151.421(H)(1), the trial court has the *inherent power* to order disclosure of such records under certain circumstances. See *Johnson v. Johnson* (1999), —— Ohio App.3d ——, —— N.E.2d ——, 1999 WL 181213. In a similar vein, we now adopt the reasoning of the Ninth District Court of Appeals, which has observed that "[w]here there is no statutory authority to grant an expungement of a criminal record, the court may order a record sealed * * * by the exercise of its inherent powers." *State v. Stadler* (1983), 14 Ohio App.3d 10, 11, 14 OBR 13, 14, 469 N.E.2d 911, 913; accord *Dayton v. Salmon* (1996), 108 Ohio App.3d 671, 672, 671 N.E.2d 599, 600.

█ While it may be argued that it is inappropriate for courts to supersede legislative judgment by granting judicial expungement where the legislature has specifically removed statutory expungement as a remedy, it is in such situations where the judicial expungement remedy may well be most appropriate. Judicial expungement is a *constitutional* remedy, and it is elementary that although the legislature has freedom to provide greater protections, it has no authority to place limits on rights guaranteed under the Constitution. Cf. *Williams v. Scudder* (1921), 102 Ohio St. 305, 307, 131 N.E. 481, 482. The legislature does not control the meaning and scope of constitutional guarantees, and it may not limit the ability of the judiciary to perform its essential functions. See, generally, *State ex rel. Johnston v. Taulbee* (1981), 66 Ohio St.2d 417, 20 O.O.3d 361, 423 N.E.2d 80; *State v. Khong* (1985), 29 Ohio App.3d 19, 29 OBR 20, 502 N.E.2d 682; *State ex rel. Dana v. Gerber* (1946), 79 Ohio App. 1, 34 O.O. 48, 70 N.E.2d 111.

Moreover, a comparison of statutory and judicial expungement reveals major differences between the two remedies. Cf. *State v. Greene* (1991), 61 Ohio St.3d 137, 140, 573 N.E.2d 110, 112 (Moyer, C.J., concurring in part and dissenting in part). Notably, application of the judicial expungement doctrine is limited to unusual cases:

■■ *"The inherent power to grant an expungement request is thus limited to the rare case where the accused can demonstrate unusual and exceptional circumstances.* It is not enough merely for defendant to have been acquitted. Judicial expungement is an exceptional remedy to be employed where the equities of the situation demand it." (Emphasis added.) *State v. Stadler,* 14 Ohio App.3d at 11, 14 OBR at 14, 469 N.E.2d at 913; accord *State v. Brasch* (1997), 118 Ohio App.3d 659, 663, 693 N.E.2d 1134, 1136–1137.

■ Trial courts contemplating judicial expungement "should use a balancing test, which weighs the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records." *Pepper Pike v. Doe,* 66 Ohio St.2d at 377, 20 O.O.3d at 336, 421 N.E.2d at 1306. However, "[w]here there is no *compelling* state interest or reason to retain the judicial and police records * * * the accused is *entitled* " to judicial expungement. (Emphasis added.) *Id.*

By contrast, the court may grant statutory expungement of the records of any no bill after two years, so long as "the interests of the person in having the records pertaining to the case sealed are not outweighed by any *legitimate* governmental needs to maintain such records." (Emphasis added.) R.C. 2953.52(B)(3). It therefore appears that the legislature adopted the constitutional balancing test and applied it to a broader range of cases, since the statute has no requirement that the case be "unusual and exceptional" in order for an expungement to be granted. However, under the statute expungement is never guaranteed, and the question of whether the government's interest is compelling plays no role in the analysis.

In sum, statutory expungement may be granted in any dismissed or no-billed case where the government's need to retain the records does not outweigh the applicant's interest in privacy. Judicial expungement is only available in unusual and exceptional circumstances, but *must* be granted if the state has no compelling reason to keep the records. Because different standards govern their application, the two rights are complementary rather than mutually exclusive.

The facts in this case indicate that judicial expungement may well be appropriate. Neither prosecutor involved had any objection to sealing appellant's records. Moreover, it appears that the trial court would have sealed the children services records, but believed it lacked authority to do so. The trial court never considered granting a judicial expungement. Based on the foregoing analysis, the trial court's belief that it lacked authority was erroneous. Instead, the trial court should have applied the test enunciated under *Pepper Pike* and made a determination of whether the circumstances were unusual and exceptional, and if so, whether the state has any compelling need to retain appellant's records. We therefore sustain appellant's first assignment of error. Appellant's second assignment of error is overruled pursuant to App.R. 12(A)(1)(c). The judgment is

reversed, and the cause is remanded to the trial court for hearing and decision consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., concurs.

HADLEY, J., dissents.

HADLEY, Judge, dissenting.

I respectfully dissent from the majority opinion for the following reasons.

In an amendment to R.C. 2953.51, enacted in 1996, there is no provision for the expungement of records or reports maintained pursuant to R.C. 2151.421 by a public services agency or the Department of Human Services. The majority thus turns back the clock and relies on the doctrine enunciated in *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303.

The Ohio Supreme Court recognized that case as an "exceptional case" and added that it "should not be construed to be a carte blanche for every defendant acquitted of criminal charges in Ohio courts. Typically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." *Id.* at 377, 20 O.O.3d at 336, 421 N.E.2d at 1306.

The court also pointed out that "[s]ome courts order expungement and sealing of records in 'appropriate circumstances' out of concern for due process rights. * * * In all such jurisdictions, however, even individuals who have never been convicted are not entitled to expungement of their arrest records as a matter of course." *Id.* at 376–377, 20 O.O.3d at 335, 421 N.E.2d at 1306.

This language of the Supreme Court was in 1981, long before the 1996 revision of the expungement provisions where it must be presumed that the legislature considered this type of proceeding to be important enough not to expunge.

This is further underlined by the court's additional language in the *Pepper Pike* case: "To make the right of expungement uniform in this state, we follow the guidelines set out in Ohio's criminal expungement statute." *Id.* at 378, 20 O.O.3d at 336, 421 N.E.2d at 1307. The legislature has spoken in this matter and further legislation by the court is not needed. I, therefore, conclude that appellant's assignment lacks merit, the trial court did not err, and its decision should be affirmed.