OPINION
On May 29, 1997, appellant, Benjamin T. Price, an inmate at the Warren Correctional Institution, was indicted for one count of aggravated murder, one count of kidnapping, one count of aggravated robbery, and one count of possessing a weapon while under disability.[1] Each count was the result of the shooting death of Timothy Welch on March 12, 1989.
Prior to trial, the Franklin County Court of Common Pleas dismissed all but the aggravated murder charge as barred by the applicable statute of limitations. Defendant was then tried and found guilty of voluntary manslaughter, a lesser included offense of aggravated murder. However, on December 22, 1998, this court reversed the defendant's manslaughter conviction, not for lack of proof, but because the statute of limitations for that offense had also expired. State v. Price (Dec. 22, 1998), Franklin App. No. 98AP-428, unreported.
On July 19, 1999, defendant moved the trial court to seal the record of his conviction and appeal pursuant to R.C. 2953.52. The trial court denied the request, and defendant now raises the following assignment of error:
 Appellant was denied his right to due process of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I Section Ten of the Ohio State Constitution when the court denied his motion to have the record sealed on a conviction that was reversed and dismissed.
Although defendant maintains the trial court denied him due process, defendant's challenge does not raise a constitutional issue but, rather, alleges that the trial court abused its discretion when it denied his request to expunge the foregoing from his official prison record. In order to find that the trial court abused its discretion, we must find that the trial court made more than an error of law; rather, we need to find the court's discretion was exercised in an unreasonable, arbitrary or unconscionable manner. State v. Adams (1980), 62 Ohio St.2d 151, 157. In other words, the term "abuse of discretion" connotes more than an error of law or judgment; rather, it is tantamount to a finding that the court's attitude or decision making was clearly unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217; In reJane Doe 1 (1991), 57 Ohio St.3d 135.
R.C. 2953.52(A)(1) provides that:
 Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. * * *
Upon receipt of an R.C. 2953.52 application, the trial court, which is vested with considerable discretion, is to "weigh the interest of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain the records." R.C. 2953.52(B)(2)(d). In Pepper Pike v. Doe (1981),66 Ohio St.2d 374, the Ohio Supreme Court observed that: "[t]ypically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." Id. at 377.
While Pepper Pike was decided prior to the enactment of R.C. 2953.52, its holding was based upon R.C. 2953.32 which contains a balancing test identical to that found in R.C. 2953.52. As such, it is applicable and instructive in the case at bar. In Pepper Pike, the Supreme Court noted that expungement was an "exceptional case" and should not be construed to be a carte blanche for every defendant acquitted of criminal charges in Ohio courts. Id. Particularly germane to this defendant's request, the court went on to explain that:
 * * * expungement does not literally obliterate the [defendant's] criminal record. [But rather,] [t]he sealed record of the case may be inspected by any law enforcement authority or prosecutor to aid in the decision to file charges on any subsequent offenses involving the defendant. [Further,] [t]he information may be recited in the charging document. * * * An expunged record of conviction may be used where otherwise admissible as evidence in any criminal proceeding. * * * [Id. at 378.]
In this case, defendant argues that if his record is not expunged he "will without question, be subjected to suffering from collateral consequences of the conviction when he goes to the parole board on unrelated matters. * * *" In essence, defendant does not want his record to reflect his conviction and appeal for voluntary manslaughter because he speculates this information will not advance his eligibility for parole.
As noted, defendant has a prior conviction for aggravated burglary, a serious offense. Defendant also has a subsequent conviction for aggravated trafficking in drugs, also a serious offense, and one for which he is presently incarcerated. Defendant's record demonstrates his disregard for the law and his propensity for violence. Upon review, we affirm the trial court's finding that the defendant's interest in sealing the record of his conviction and appeal for voluntary manslaughter does not outweigh the state's interest in maintaining an open record of that proceeding. We do not believe the legislature intended to make expungement available in circumstances such as these. Accordingly, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
KENNEDY and McCORMAC, JJ., concur.
 McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The firearm specification was the result of the defendant's prior conviction for aggravated robbery.