[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant-appellant, Jeffrey B. Peterson, appeals the June 25, 2002 judgment of the Franklin County Court of Common Pleas, which denied in part his application to seal records pertaining to a criminal action in which he was found not guilty. For the reasons that follow, we affirm.
 {¶ 2} On January 15, 2002, appellant filed an "Application for Sealing of Record and for Judicial Expungement of Children's Services, Police Department and Sheriff's Office Records." He requested first that the court seal "all official records" in C.P.C. No. 01CR-2492, in which he was found not guilty. Second, he requested expungement of all records maintained by Franklin County Children's Services ("FCCS"), two police departments, and two sheriff's offices. The application was assigned case No. 02EP-32.
 {¶ 3} In an order dated March 7, 2002, the trial court granted the first request, ordering that "all official records" pertaining to 01CR-2492 be sealed and all index references deleted, pursuant to R.C.2953.52. The order was approved and signed by the prosecutor.
 {¶ 4} On April 11, 2002, the prosecutor filed a memorandum regarding the second request in the application. The prosecutor stated that the court's March 2002 order applied to all official records, including those of law enforcement agencies that investigated the case, but did not apply to FCCS records. The prosecutor argued that the court must deny sealing of the FCCS records because R.C. 2953.51 explicitly excludes children's services records from the category of records that may be sealed pursuant to R.C. 2953.52.
 {¶ 5} The trial court held a hearing on June 7, 2002, limited to the issue of the FCCS records, and appellant presented supplemental authority. In an order entered on June 25, 2002, the court denied the request to seal the FCCS records, and the present appeal followed. Appellant assigns five errors:
 {¶ 6} "1. The trial court errored [sic] in not striking the State of Ohio's `Memorandum in Response to Defendant's Application for Judicial Expungement of Children's Services Records (`State's Memorandum') of April 11, 2002.
 {¶ 7} "2. The trial court errored [sic] in not granting Peterson's Motion for Judicial Expungement within 28 days as required by local rule 21.01 when there were no objections filed by the State.
 {¶ 8} "3. The trial court errored [sic] in not granting Peterson's Motion for Judicial Expungement as the State presented no evidence, let alone compelling evidence, of a State interest or reason to maintain these records. The trial court's decision is against the manifest weight of the evidence in the criminal trial and expungement records, and is contrary to governing case law.
 {¶ 9} "4. The trial court errored [sic] as its' [sic] `hearing' of June 7, 2002 cannot be categorized as a hearing at all, as no `hearing' was conducted.
 {¶ 10} "5. The trial court abused its' [sic] discretion in denying Peterson's Motion for Judicial Expungement."
 {¶ 11} R.C. 2953.52(A)(1) provides that any person who is found not guilty of an offense, or against whom the charges are dismissed, may apply for an order to seal his official records in the case. In contrast, R.C. 2953.32 applies to sealing official records when the applicant was convicted of a first offense.
 {¶ 12} Under R.C. 2953.51(D), the term "official records" means all records possessed by any public office or agency that relate to a criminal case including court files, evidence, and investigative records/reports possessed by any law enforcement officer or agency, excepting "investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case." In 1996, a specific provision was added to R.C. 2953.51(D), clarifying that records or reports kept by a "public children services agency or the department of human services" under R.C. 2151.421 are not within the definition of "official records" that may be sealed.
 {¶ 13} In addition, R.C. 2953.52(B)(1) provides, with respect to the time for responding to an application for sealing, that the prosecutor may object to the granting of the application by filing an objection with the court "prior to the date set for the hearing."
 {¶ 14} In his first and second assignments of error, appellant relies on Loc.R. 21.01 of the common pleas court, which provides as follows, in pertinent part:
 {¶ 15} "21.01 All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party. The time and length of any oral hearing shall be fixed by the Trial Judge. * * *"
 {¶ 16} Appellant contends that the state's memorandum filed in April 2002 should have been stricken as untimely. We disagree. The application was not a "motion" in an existing action but served to initiate a new matter with a new case number. Loc.R. 21.01 did not apply. R.C. 2953.52 sets forth the time for the prosecutor to respond to the application. The record shows that the prosecutor initially responded to the application by approving the entry filed March 7, 2002 sealing the official records. Then, in April 2002, weeks before the June 2002 hearing, the prosecutor filed the memorandum opposing the sealing of the FCCS records. Thus, the prosecutor's objection to sealing the FCCS records was timely filed. Moreover, the record does not show a motion by appellant to strike the prosecutor's memorandum, and the issue was therefore waived.
 {¶ 17} In addition, Loc.R. 21.01, even if it were applicable, would not require the court to grant a motion simply because no brief in opposition was on file when the motion was submitted to the court. The local rule simply states that, after 28 days, the motion will be deemed "submitted" to the judge for consideration. Finding no merit in the first and second assignments of error, we overrule them.
 {¶ 18} In regard to the third and fifth assignments of error, we find no error or abuse of discretion by the trial court in denying appellant's application with respect to the FCCS records. FCCS is a public children's services agency, and its reports and records are not "official records" subject to sealing under R.C. 2953.52. The trial court did not have authority under R.C. 2953.52 to seal the FCCS records as requested.
 {¶ 19} We acknowledge that, in City of Pepper Pike v. Doe (1981),66 Ohio St.2d 374, the Ohio Supreme Court stated that, even absent statutory authorization, trial courts in unusual and exceptional circumstances may expunge criminal records. However, we find that decision inapplicable to the present issues. The court in Pepper Pike was addressing former R.C. 2953.32, under which first offenders could have their criminal records sealed. In 1981, there was no statute governing the question before the court, which was "whether a defendant charged with but not convicted of a criminal offense has a right to a judicial remedy which orders expungement of [the] criminal record." Id. at 376. When Pepper Pike was decided, R.C. 2953.52 did not exist to authorize sealing of official records in cases where the accused was found not guilty or the charges were dismissed. Indeed, it appears that R.C. 2953.52
was enacted to govern situations such as the one presented in Pepper Pike. R.C. 2953.52, enacted in 1984, authorized the sealing of official records in cases where the person was not convicted, except for investigative records and reports of agencies that were not law enforcement agencies. Although that exception impliedly included records of a children's services agency, the exception was made explicit in 1996: R.C. 2953.51 was amended to state that records or reports of a children's services agency such as FCCS were excluded from the court's authority to seal official records when the applicant had been found not guilty.
 {¶ 20} Here, unlike the circumstances in Pepper Pike, there is no absence of statutory authorization to seal records where the charges were dismissed. Here, there is a statute explicitly granting authority to seal records where the person was found not guilty or the charges were dismissed, and that statute plainly excludes records of a children's services agency. The Pepper Pike decision does not require reversal in the present appeal. Appellant's third and fifth assignments of error are overruled.
 {¶ 21} Lastly, we address the fourth assignment of error, that the hearing of June 7, 2002 was insufficient to constitute the hearing mandated by statute. Appellant argues that the trial court exhorted him to keep his presentation brief, that the hearing lasted only a minute, and that it was clear that the trial court did not adequately consider his arguments.
 {¶ 22} On review of the record, we find no legal insufficiency of the hearing. Although the hearing was short, there was no indication by appellant that he had more to say on the relevant issues or that he made any objection to the manner in which the hearing was being conducted. At the commencement of the hearing, the trial judge stated that he had reviewed the materials submitted by appellant. Appellant stated that he "would like to make just a brief statement," and the court responded, "Go ahead. Brief." Appellant explained that the allegations made against him were unsubstantiated and were eventually recanted, and that the investigation had been instigated by his vindictive wife. He argued that it was unfair for any records to be maintained by the state that linked him to the allegations. We note that the court, other than curtailing appellant's description of his wife's vindictiveness, did not limit appellant's presentation. The prosecutor responded briefly that the state had no objection to the expungement that had already been granted and would rely on its written argument regarding the FCCS records. The court then stated its ruling, denying expungement of the FCCS records, and a written order was entered on June 25, 2002. We see nothing in the record to indicate improper conduct by the trial judge or a legal insufficiency of the hearing, and we therefore overrule the fourth assignment of error.
 {¶ 23} For the foregoing reasons, appellant's five assignments of error are overruled and we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.