OPINION
{¶ 1} Jack A. Mattachione, Sr. appeals from the judgment of the Fairborn Municipal Court wherein the court denied his application to expunge his convictions for minor misdemeanors.
 {¶ 2} The matter was submitted to the trial court on briefs without the aid of a trial transcript. Mattachione requested the court expunge his minor misdemeanor convictions by using a "judicial remedy" or R.C. 2953.52.
 {¶ 3} The trial court found that Mattachione had been convicted of several traffic offenses and the offenses of Obstructing Official Business in violation of Fairborn Ordnance 525.08. The latter offense occurred in 1995. The court found that certain other offenses were dismissed pursuant to plea negotiations or court order. The court found that Mattachione could not have his minor misdemeanor convictions sealed under R.C. 2953.32 because he was not a "first offender" as defined in R.C. 2953.31(A). The court noted that Mattachione had been convicted in federal court of the federal offense of receiving an illegal gratuity in 1999. The court noted this conviction in federal court disqualified Mattachione from being considered a "first offender" pursuant to R.C. 2953.31(A). The trial court granted Mattachione's request to seal the dismissed charges pursuant to R.C. 2953.52.
 {¶ 4} Mattachione claims in his first assignment of error that the trial court erred in finding that he was previously convicted of obstructing official business, a second degree misdemeanor, when he in fact was convicted of obstructing justice, a minor misdemeanor. Mattachione contends this factual error by the trial court led it to deny his motion to expunge his minor misdemeanor convictions.
 {¶ 5} In his second assignment, Mattachione contends the trial court erred in determining he was not a "first offender" pursuant to R.C. 2953.31(A). Again, Mattachione contends the trial court's misapprehension that he was convicted of obstructing official business caused the court to find that he was not a "first offender."
 {¶ 6} R.C. 2953.32(A) provides that a "first offender" may apply to the sentencing court for the sealing of the conviction record. "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or different offense in this state "or other jurisdiction." Mattachione does not dispute the trial court's finding that he was convicted of the federal offense in 1999 after he was apparently convicted of the minor misdemeanor offense of obstruction of justice in 1995. The trial court properly found Mattachione was not a "first offender." Mattachione's traffic offenses were not subject to expungement pursuant to statute. See R.C. 2953.36(B) and (F).
 {¶ 7} In his third assignment, Mattachione contends the trial court denied him due process when it ignored his motion to compel the City of Fairborn to provide him discovery of his traffic and criminal record.
 {¶ 8} Mattachione contends discovery would have helped him demonstrate the prior conviction noted on his conviction record was mistakenly labeled as Obstructing Official Business when he was actually convicted of a violation of Fairborn Ordinance 525.08, Obstruction of Justice. We fail to see how Mattachione was prejudiced by the trial court's ignoring his discovery request because the mistake in the trial court's mislabeling the offense was irrelevant to its determination to deny Mattachione's expungent request.
 {¶ 9} In his last assignment, Mattachione contends the trial court erred in failing to consider all the legal processes available to it for expunging his minor misdemeanor convictions and Traffic Rule 2 convictions. Specifically, Mattachione claims the trial court should have used its inherent authority to order a record sealed. Mattachione contends the political vindictiveness of the City of Fairborn government administration provided the exceptional circumstance for the court's use of its inherent power to seal his minor misdemeanor convictions. In support of his argument, Mattachione cites the case of PepperPike v. Doe (1981), 66 Ohio St.2d 374. In that case, the Ohio Supreme Court held that trial courts have jurisdiction to order expungement and the sealing of records in a criminal case where the charges were dismissed with prejudice prior to trial by the party initiating the proceedings. The supreme court in PepperPike held that trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter. The court noted, that when exercising this power, the court should use a balancing test which weighs the privacy interest of the defendant against the government's legitimate need to maintain records of criminal proceeding.
 {¶ 10} After Pepper Pike was decided, the Ohio legislature passed legislation that provided that any person who is acquitted of a criminal offfense or who is a defendant in a dismissed complaint, indictment, or information, could apply to the court to have the official records of his case sealed. The court is required to use the balancing test set out in Pepper Pike if the prosecution objects to the application. See R.C. 2953.52.
 {¶ 11} The Third District Court of Appeals has held that a trial court, though lacking statutory authority to seal childrens services records relating to an alleged offense on which a grand jury returned a "no bill," had discretion to order judicial expungement of these records. In Re Application to Seal Recordof No Bill (1999), 131 Ohio App.3d 399. Judge Shaw wrote on behalf of the court:
 {¶ 12} "[2} However, the legislature's amendment of R.C.2953.51(D) affects only the rights granted by statute. It has no effect on rights secured under the United States Constitution. InPepper Pike, the Ohio Supreme Court recognized that the Constitution grants applicants a right to expungement of records in certain situations:
 {¶ 13} "[Some cases present] such unusual and exceptional circumstances as to make appropriate the exercise of the trial court's jurisdiction to expunge and seal all records in the case. The basis for such expungement, in our view, is the constitutional right to privacy.
 {¶ 14} "`Where there is no compelling state interest or reason to retain the judicial and police records, such as where they arise from a domestic quarrel and constitute vindictive use of our courts, the accused is entitled to this remedy.' (Citations omitted and emphasis added.) Id. at 377, 20 O.O.3d at 336, 421 N.E.2d at 1306."
 {¶ 15} Mattachione contends the trial court should have expunged his minor misdemeanor convictions because he was vindictively prosecuted by the Fairborn authorities. He presented, however, no evidence of that in the trial court, and we are confined to the record developed in that court.
 {¶ 16} Finally, unlike the defendant in Pepper Pike,
Mattachione was not acquitted of the minor misdemeanor charges. The trial court properly refused to expunge those charges. The assignments of error are all overruled. The judgment of the trial court is affirmed.
Wolff, J., and Grady, J., concur.