*228 Pfeifer, J.,
dissenting.
{¶ 18} One interesting aspect of this case is that in it, the state takes a diametrically opposite position from its position in another case released today, State v. Radcliff, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, with respect to the vitality of Pepper Pike v. Doe, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). In Raddiff, the state argued that “Pepper Pike no longer provides extrastatutory inherent power to seal records in criminal cases.” In this case, the state argues not only that Pepper Pike lives, but that it should be extended, stating, “Just as there is judicial authority to seal records in unusual and exceptional cases, there should also be a judicial authority to unseal records in unusual and exceptional cases.”
{¶ 19} Though I have served on this court a long time, the court is still able to surprise and sadden me. Today, the court decides two cases related to the sealing of criminal records and issues two opinions so lacking in justice that they defy credulity. As Don Imus says, you can’t make this stuff up. In State v. Raddiff, the court disallows the sealing of records of criminal convictions that are 30 years old and for which the offender has been pardoned by a governor of Ohio. In this case, the court concludes that records of criminal cases less than three years old must remain sealed; indeed, it holds that their existence can’t even be recognized for the limited purpose of showing that there had been a previous trial. In Raddiff, the failure to seal the records ensures that a public-school employee with 20 years of good service is ineligible to work for the school. In this case, the failure to unseal the record ensures that a person accused of retaliating against a witness will not be prosecuted. Two cases, two exactly wrong conclusions. So much for justice, equity, sanity.
{¶ 20} Although it is hard to tell sometimes given the strictures this court submits itself to,[3] this court and all courts in Ohio can act in the absence of a statute. Although the Revised Code contains many statutes that bind this court, it has not yet subsumed the entirety of the common law. See Bresnik v. Beulah Park Ltd. Partnership, Inc., 67 Ohio St.3d 302, 304, 617 N.E.2d 1096 (1993) (“Not every statute is to be read as an abrogation of the common law”). Furthermore, the courts of Ohio have “plenary power to administer justice which is inherent in every court whose jurisdiction derives from the Ohio Constitution.” State ex rel. Johnston v. Taulbee, 66 Ohio St.2d 417, 422, 423 N.E.2d 80 (1981); see Zangerle *229 v. Cuyahoga Cty. Court of Common Pleas, 141 Ohio St. 70, 46 N.E.2d 865 (1943), paragraph two of the syllabus.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.
Raymond T. Faller, Hamilton County Public Defender, and Christine Y. Jones and Josh Thompson, Assistant Public Defenders, for appellant.
{¶ 21} As explained in my dissent in Radcliff, courts have inherent power to seal records in unusual and exceptional cases. See Pepper Pike, 66 Ohio St.2d 374, 421 N.E.2d 1303. In my opinion, a court that has the inherent power to seal records in unusual and exceptional cases has the inherent power to unseal them in unusual and exceptional cases.
{¶ 22} The case before us is unusual. The state is not asking to unseal the entirety of the record for all time; it is seeking to unseal the record for a specific limited purpose: to prove that a person was a witness in a prior case. That’s it. And then, after the record is unsealed for that limited purpose, the record would be resealed. Courts have and ought to have the authority to so act. Otherwise, as in this case, a person who retaliates against a witness for something said in a sealed case will be immune from punishment for that retaliation. To the benighted sovereign immunity, we must now add retaliation immunity.
{¶ 23} I dissent.

. The three-part test set forth in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, is a good example. It has been described as “unworkable,” and “of questionable value,” Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 221 and 223 (Lanzinger, J., concurring in part), and as a “legalistic straitjaeket,” Gliozzo v. Univ. Urologists of Cleveland, Inc., 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 19 (Pfeifer, J., dissenting).