Pfeifer, J.,
dissenting.
{¶ 38} The majority opinion states, “When the General Assembly enacted R.C. 2953.52, it was certainly aware of the power of the pardon.” Majority opinion at ¶ 25. I agree, though I disagree about the import of that fact. The majority opinion concludes that because the General Assembly knew about pardons and nevertheless did not mention them in R.C. 2953.52, “we must presume that its omission of pardoned defendants was intentional * * * [and] [t]hat omission is important here.” Id. I also think the omission is important, for a different reason from the majority opinion’s unstated reason. Just as the General Assembly was aware of the power of the pardon when it enacted R.C. 2953.52, it was also aware of Pepper Pike v. Doe, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). It is more likely that the General Assembly didn’t mention pardons in R.C. 2953.52 because *89 it was aware that Pepper Pike would allow records relating to crimes for which the offender had been pardoned to be sealed than because it was implicitly superseding Pepper Pike and legislating that records relating to crimes for which the offender had been pardoned could not be sealed. See Bresnik v. Beulah Park Ltd. Partnership, Inc., 67 Ohio St.3d 302, 304, 617 N.E.2d 1096 (1993) (“Not every statute is to be read as an abrogation of the common law”).
{¶ 39} The majority opinion draws exactly the wrong conclusion. It states, “Despite the General Assembly’s repeated returns to the subject of criminal record-sealing, it has never shown, or even suggested, any intent to extend this remedy to an offender who has been pardoned.” Majority opinion at ¶ 32. Although that is true, it can equally be said that the General Assembly has never stated that records of crimes for which the offender has been pardoned cannot be sealed, even though it is aware that pursuant to Pepper Pike, records of such crimes can be sealed in unusual and exceptional circumstances. Id. at paragraph two of the syllabus.
{¶ 40} The General Assembly is fully capable of superseding judicial decisions. E.g., 2001 Am.Sub.S.B. No. 97 (amending R.C. 3937.18), Section 3(D) and (E), 149 Ohio Laws, Part I, 789-790. It has not done so with respect to Pepper Pike. From that omission and the failure to include the word “pardon” in the statute, I conclude that R.C. 2953.52 does not apply to the records of crimes for which the offender has been pardoned. It takes legalistic legerdemain to conclude otherwise — such as inserting the word “pardon” into a statute that does not include it. See Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm., 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969) (“it is the duty of this court to give effect to the words used [in a statute], not to delete words used or to insert words not used”). I conclude that R.C. 2953.32 and 2953.52 are wholly inapplicable to the issue before us. See State v. Boykin, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 17 (“the word ‘pardon’ does not appear in either [R.C. 2953.32 or 2953.52]”).
{¶ 41} In Pepper Pike, this court held that “trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter.” Pepper Pike, 66 Ohio St.2d 374, 421 N.E.2d 1303, at paragraph two of the syllabus. This holding remains good law, having been neither overruled by this court nor superseded by legislation. See State ex rel. Morris v. Sullivan, 81 Ohio St. 79, 90 N.E. 146 (1909), paragraph three of the syllabus (“Statutes are to be read and construed in the light of and with reference to the rules and principles of the common law * * * [and] the legislature will not be presumed or held, to have intended a repeal of the settled rules of the common law unless the language employed by it clearly expresses or imports such intention”). See Bresnik, 67 Ohio St.3d at 304, 617 N.E.2d 1096, citing Sullivan with approval.
*90 {¶ 42} The authority to order expungement is not unfettered. A court considering expungement “should use a balancing test which weighs the privacy interest of the defendant against the government’s legitimate need to maintain records of criminal proceedings.” Pepper Pike, paragraph two of the syllabus.
{¶ 43} In this case, the trial court found that sealing Radcliffs record was “consistent with the public interest.” This finding is not an abuse of the trial court’s discretion for a variety of reasons:
{¶ 44} 1. Pepper Pike, which states that courts have the authority to seal records even in the absence of a statutory grant of authority.
(¶ 45} 2. R.C. 2967.04(B), which states, “An unconditional pardon relieves the person to whom it is granted of all disabilities arising out of the conviction or convictions from which it is granted.”
{¶ 46} 3. The fact that R.C. 2953.32 and 2953.52 do not apply to pardons and therefore noncompliance with them cannot justify prohibiting the sealing of records related to crimes for which the offender has been pardoned.
{¶ 47} 4. State ex rel. Atty. Gen. v. Peters, 43 Ohio St. 629, 650, 4 N.E. 81 (1885), which states, “A full and absolute pardon releases the offender from the entire punishment prescribed for his offense, and from all the disabilities consequent on his conviction.”
{¶ 48} 5. State ex rel. Gordon v. Zangerle, 136 Ohio St. 371, 376, 26 N.E.2d 190 (1940), which states, “A full pardon purges away all guilt and leaves the recipient from a legal standpoint, in the same condition as if the crime had never been committed.”
{¶ 49} 6. Knapp v. Thomas, 39 Ohio St. 377, 381 (1883), which states, “Though sometimes called an act of grace and mercy, a pardon, where properly granted, is also an act of justice, supported by a wise public policy.”
{¶ 50} 7. An acknowledgment from a most unusual source of authority, the opposing party in this case, the state of Ohio. In State v. Vanzandt, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, the state argued in its brief not only that Pepper Pike is good law but that it should be extended, stating: “Just as there is judicial authority to seal records in unusual and exceptional cases, there should also be a judicial authority to unseal records in unusual and exceptional cases.”
{¶ 51} These factors, when considered in aggregate, convince me that the trial court did not act unreasonably, arbitrarily, or unconscionably when it granted Radcliffs request to seal the record of his convictions. It is not unreasonable to conclude that the state’s interest in providing records of criminal convictions that occurred at least 30 years ago and for which the offender has been unconditional *91 ly pardoned is not much of an interest at all. Certainly Radcliff s privacy interest outweighs the state’s limited interest.
Ron O’Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert and Michael P. Walton, Assistant Prosecuting Attorneys, for appellee.
Yeura R. Venters, Franklin County Public Defender, and Timothy E. Pierce and John W. Keeling, Assistant Public Defenders, for appellant.
{¶ 52} I would answer the certified question in the affirmative and reverse the court of appeals. Although there is a certain amount of justice in Commonwealth v. C.S., 517 Pa. 89, 93, 534 A.2d 1053 (1987), in which the Supreme Court of Pennsylvania stated that “[a] pardon without expungement is not a pardon,” it is unnecessary in this case to state the proposition so unequivocally. It is enough to say that a trial court has inherent authority to seal the record of a conviction for which the offender has been pardoned pursuant to the standard established in Pepper Pike.
{¶ 53} The majority opinion’s conclusion, that “a court lacks the authority to seal a criminal record of a pardoned offender who does not meet applicable statutory requirements for sealing the record,” Majority opinion at ¶ 37, is, based on the facts of this case, illogically circular, a legalistic Mobius strip. The statutes at issue do not mention the word “pardon” and therefore do not apply to Radcliff. Thus, although the majority opinion states that Radcliff has not complied with “applicable statutory requirements,” id., the statutory requirements to which the opinion refers are, in fact, irrefutably not applicable to offenders who have been pardoned.
{¶ 54} I dissent.
Lanzinger and O’Neill, JJ., concur in the foregoing opinion.